Giménez Muñoz, Juez Ponente
*1133 TEXTO COMPLETO DE LA SENTENCIA
La Asociación de Maestros de Puerto Rico y Lizzette Pillich Otero, el 30 de mayo de 1996, presentaron ante el Tribunal de Primera Instancia, Sala Superior de San Juan, una petición de Mandamus contra el Secretario del Departamento de Educación, Víctor Fajardo, y el Departamento de Educación. Solicitaron se ordenara al Honorable Secretario del Departamento de Educación que estableciera un sistema de retribución y clasificación para el personal clasificado, según autorizado en el Artículo 9.1 de la Ley Núm. 68 del 28 de agosto de 1990.
I
El Hon. Angel G. Hermida, el 29 de julio de 1996, concedió 10 días a los demandados para que mostraran causa por la cual no se debía expedir el mandamus y ordenar al Departamento de Educación que procediera, cuanto antes, a establecer un sistema de retribución y clasificación. Los demandados-apelantes presentaron alegación respondiente y señalaron que no procedía la expedición del recurso, conforme lo resuelto en Alvarez de Choudens v. Tribunal Superior, 103 D.P.R. 235, 239 (1975); que la implantación dependía de factores ajenos al Secretario del Departamento de Educación como la disponibilidad de fondos y que habían realizado actuaciones encaminadas para culminar el plan.
Tras varios incidentes procesales, el Tribunal de Primera Instancia emitió orden, citó para vista y en ésta, de 27 de noviembre de 1996, el apelante informó al Tribunal que el Plan de Clasificación y Retribución ya estaba diseñado en forma final y restaba que la Oficina de Presupuesto y Gerencia (OPG) autorizara los fondos adicionales para empezar a operar el mismo. El Tribunal de Primera Instancia concedió en corte abierta 20 días al Secretario del Departamento de Educación, para que mostrara causa por la cual no se debe expedir el recurso solicitado y ordenar al Secretario poner en vigor, inmediatamente, el Plan de Clasificación y Retribución, sujeto a que "en el grado en que dicho plan fuese más costoso que el hasta entonces vigente... y hasta tanto la Oficina de Presupuesto y Gerencia autorizara los fondos adicionales... el Departamento redujera proporcionalmente todas las escalas de retribución del nuevo plan... sin la necesidad de ningún fondo adicional".
El 3 de enero de 1997, transcurrido el plazo de 20 días, el Hon. Angel G. Hermida emitió sentencia y ordenó al Secretario del Departamento de Educación poner inmediatamente en vigor el Plan de Clasificación y Retribución, sujeto a un ajuste en las escalas de retribución, es decir "en el grado en que dicho plan fuese más costoso que el hasta entonces vigente" y hasta que la OPG autorice los fondos adicionales que hagan falta.
Inconforme con la sentencia que ordenara implantar el sistema de clasificación y retribución, acude en apelación la parte demandada, Departamento de Educación y el Secretario del Departamento de Educación y señalan se cometió error al expedir mandamus, sin encontrarse presentes los requisitos que señala el Código Civil y la jurisprudencia aplicable.
*1134 II
El proceso para una agenda recibir fondos operacionales, de ordinario, requiere de cada agencia un detallado examen de sus necesidades y la preparación de una propuesta presupuestaria que es enviada a la OPG para su evaluación y aprobación. Luego de lo señalado OPG la puede modificar y aprobar para ser enviada al Primer Ejecutivo y entonces se envía a la consideración de la Asamblea Legislativa donde nuevamente es evaluado el presupuesto propuesto y donde es reducido o ampliado. Las facultades de la OPG para así actuar, al igual que las del Gobernador, surgen de la Ley Núm. 147 de 18 de junio de 1980, 23 L.P.R.A. sec. 101 y subsiguientes y 23 L.P.R.A. see. 104.
De conformidad con la legislación antes citada, la OPG debe velar por la ejecución y administración del presupuesto, revisar, rebajar o aumentar las peticiones presupuestarias, preparar y recomendar para la aprobación del Gobernador los detalles presupuestarios, verificar la disponibilidad de fondos para cubrir las asignaciones de personal, los aumentos de sueldo, etc., 20 L.P.R.A. see. 103 (b) (1). Pero, corresponde al Gobernador someter a la Asamblea Legislativa, al comienzo de cada sesión, el presupuesto del Estado Libre Asociado de Puerto Rico, sus intrumentalidades y corporaciones públicas, see. 104.
El Departamento de Educación, es algo conocido, no genera sus propios ingresos y depende para sus funciones de las asignaciones anuales que se aprueben dentro del presupuesto general que confecciona el Primer Ejecutivo, el que es aprobado por la Asamblea Legislativa. Cuando se aprueba el presupuesto de Puerto Rico y sus distintas partidas para el funcionamiento de las agencias y dependencias del Estado Libre Asociado de Puerto Rico, las asignaciones no pueden exceder los recursos totales calculados para "las atenciones de un sólo año económico". 3 L.P.R.A. 283(a) (h).
En lo que concierne al Secretario del Departamento de Educación, dispone el Artículo 6.01 de la Ley Orgánica del Departamento de Educación, que el será responsable "de la organización, dirección, supervisión, planificación y evaluación de actividad docente y administrativa del sistema de educación..." y administrar un sistema de personal para el Departamento, fundamentado en el principio del mérito. El Artículo 6.01 dispone que el Secretario del Departamento de Educación tiene el deber de "preparar y administrar el presupuesto del Departamento de Educación y los fondos, que en virtud de cualesquiera leyes, locales o federales, le sean asignadas...". (Enfasis nuestro.)
De conformidad con lo preceptuado y antes citado, es claro que no se impone deber alguno al Secretario del Departamento de Educación como no sea el de "administrar un sistema de personal fundamentado en el principio de mérito" y preparar y administrar el presupuesto del Departamento de Educación. El Secretario del Departamento de Educación cumplió con la preparación de un Plan de Clasificación y Retribución. Sin embargo, la asignación de fondos para poner a funcionar el plan no le corresponde al Secretario del Departamento de Educación, aun cuando según alega el Procurador, solicitó la asignación correspondiente para darle cumplimiento. La asignación de fondos le corresponde a la OPG, a la Asamblea Legislativa y al Primer Ejecutivo. Si el Departamento de Educación carece de fondos para implantar de inmediato el plan, como señala, difícilmente puede el Secretario del Departamento de Educación implantar el mismo.
El Tribunal de Primera Instancia ordenó en la sentencia poner en vigor el nuevo Plan de Clasificación y Retribución para el personal clasificado, sujeto, únicamente, a que el Departamento de Educación reduzca proporcionalmente todas las escalas de retribución del nuevo plan, lo que creyó el Tribunal de Primera Instancia hacía posible implementarlo enseguida, sin necesidad de fondos adicionales. Pero, como correctamente señala el Procurador, el efecto de esa orden, en esencia, es ordenar la preparación de un nuevo y distinto plan, reduciendo las escalas y que obliga a agrupar los puestos en términos económicos. Ello, podría atrasar la implantación del plan ya terminado y sólo puede constituir una alternativa para ser considerada por los poderes correspondientes para dar cumplimiento a la ley en cuestión.
De otra parte, el Artículo 649 del Código de Enjuiciamiento Civil, 32 L.P.R.A. 342, dispone que el mandamus es un auto altamente privilegiado, dirigido a alguna persona y que le requiere el cumplimiento de algún acto que esté dentro de las atribuciones o deberes de su persona.
En Hernández Agosto v. Romero Barceló, 112 D.P.R. 407, se decidió que el auto de mandamus es *1135 el recurso apropiado para compeler al cumplimiento de un deber que se alega impuesto por ley. Se señaló que el deber cuyo cumplimiento se requiere mediante un auto de mandamus debe estar dentro de las atribuciones o deberes que la ley le impone al funcionario concernido y que el derecho del promovente, al igual que el deber del promovido, es requisito que surjan en forma clara y patente.
En Díaz González v. Tribunal, 102 D.P.R. 195, se decidió que no procede la expedición de un auto perentorio de mandamus, a menos que concurran dos circunstancias: (a) que el derecho a exigirle inmediata ejecución del acto sea evidente y, (b) que aparezca que no se podrá dar ninguna excusa para no ejecutarlo. Regla 55 de Procedimiento Civil.
Por lo expresado, resulta claro lo inaplicable del recurso extraordinario de mandamus a los hechos y circunstancias de este caso en cuanto al remedio concedido.
El Mandamus en cuestión no va dirigido a poner en vigor derechos legales claros ni a compeler al Departamento de Educación o al Secretario del Departamento de Educación, a ejercer su jurisdicción o discreción o a cumplir deberes ministeriales que resulten de su empleo o situación. Mediante el mandamus emitido* podemos decir, no podía requerirse el-cumplimiento de un acto dentro de las atribuciones del Secretario del Departamento de Educación ni la inmediata ejecución del acto solicitado. Toda vez que, como hemos señalado, dentro de nuestro ordenamiento constitucional compete a la Asamblea Legislativa el aprobar los fondos del presupuesto de cada agencia del gobierno, el Secretario del Departamento de Educación, según surge de la Ley 68 de 28 de agosto de 1990 y así lo alega el Procurador General en su escrito, cumplió con el deber de preparar el Plan de Clasificación y Retribución, deberá remitir y gestionar a la OPG el plan para la asignación de los fondos y su pronta implementación. 
Por las consideraciones antes expresadas, modificamos la sentencia de Mandamus que fuera emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, a los fines de que el Secretario del Departamento de Educación remita y gestione el Plan de Clasificación y Retribución.
Así lo acordó el Tribunal y lo certifica la Secretaria General.
Aida I. Oquendo Graulau
Secretaria General
ESCOLIOS 97 DTA 73
1. Así lo alega el Procurador General. Véase, además, la certificación del Departamento de Educación de 26 de noviembre de 1996.
2. Cabe señalar que cada agencia, dentro del marco legal correspondiente, debe ejercer los criterios discrecionales en la implementación de las prioridades, según la política pública del gobierno.