Ortiz Camión, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
El caso del título fue referido a este Tribunal para su trámite y adjudicación en cumplimiento con lo dispuesto por la Ley Núm. 248 de 25 de diciembre de 1995.
La señora Luz M. Vega Berrios solicita la revisión de una resolución emitida por el Comité de Apelaciones de la Autoridad de Cameteras y Transportación, en la cual se declaró sin lugar una apelación en la que ella impugnó la reubicación de su puesto de Secretaria Administrativa IV dé una oficina del Area de Adquisición de Propiedades a otra oficina de esa misma división, planteando que *1137 esta reubicación constituyó un traslado en violación al Reglamento de Personal de la Autoridad.
En su recurso de revisión judicial la señora Vega Berrios señala que el Comité de Apelaciones erró al denegar su apelación y sostener la validez de la transacción de personal de que fue objeto, planteando que la misma fue arbitraria y caprichosa.
La señora Vega Berrios no tiene razón. En su resolución el Comité de Apelaciones determinó que la autoridad nominadora reubicó a la señora Vega Berrios por razones de servicio como resultado de una reorganización. Además determinó que la reubicación no resultó onerosa para la recurrente. En su recurso la señora Vega Berrios no demuestra que las determinaciones de hechos del Comité de Apelaciones no están sostenidas por la prueba presentada ante ese organismo.
En su resolución el Comité de Apelaciones hizo las siguientes determinaciones:

"1. El Area de Adquisición de Propiedades de la ACT, cuyo director es el Sr. Angel Rivera Salas, comprende varias oficinas, entre ellas, la de Derecho de Vía. Dicha área ocupa varias oficinas en los pisos 11 y 12 del edificio Minillas Sur en Santurce.

Por varios años, la apelante ha ocupado el cargo de Secretaria Administrativa IV en dicha Area de Adquisición de Propiedades.

A partir de marzo de 1993, se comenzó una reorganización en dicha área. Además, desde el 1993, en la Oficina de Derecho de Vía de la mencionada Area de Adquisición de Propiedades, hubo la necesidad de pagarle un diferencial de sueldo a una Secretaria III, por razón de la jubilación de una de las funcionarías de dicha oficina. (Exhibit 2 de la ACT).

2. El día 10 de febrero de 1994, luego de haber discutido con la apelante el propósito de ubicarla en la Oficina de Derecho de Vía, el Director del Area de Adquisición de Propiedades, Sr. Angel Rivera Salas, le envió una comunicación a la apelante que en su parte pertinente dice lo siguiente:

"Debido a las necesidades del Area de Adquisición y en ánimos de mejorar el funcionamiento de las mismas, he determinado ubicarla temporeramente en la Oficina de Derecho de Vía, donde continuará ejerciendo sus funciones como Secretaria Administrativa IV.

Este traslado será efectivo el 14 de febrero de 1994 y se extenderá hasta que las necesidades de servicio así lo ameriten." (Véase exhibit de la apelante).
Posteriormente, el 18 de marzo de 1994, el Director Ejecutivo de la ACT, Dr. Sergio L. González, le envió la siguiente comunicación a la apelante:

"Conforme a las necesidades del servicio y como resultado de la presente reorganización en esta Autoridad, le informo que el puesto de Secretaria Administrativa IV que usted ocupa será reubicado en la Oficina de Derecho de Vía del Area de Adquisición de Propiedades, efectivo el 21 de marzo de 1994. En el desempeño de sus deberes, usted responderá al Sr. Juan Francisco Lebrón, Jefe de dicha Oficina.

"Esta reubicación nos permite una mejor utilización de los recursos disponibles para el desarrollo efectivo de nuesirc plan de trabajo. La misma no conlleva cambio en su sueldo, 'status' ni afecta sus derechos como empleada en el Servicio de Carrera (categoría gerencial) de la Autoridad de Carreteras y Transportación." (Exhibit 1 de la ACT).
La Oficina de Derecho Vía, que como dijimos anteriormente forma parte del Area de Adquisición de propiedades, está ubicada en el piso 12 del edificio Minillas Norte.
En otras palabras, a la apelante se le reubicó de un piso a otro, dentro de la misma área de trabajo, ocupando el mismo puesto, sin cambio de deberes ni rebaja de sueldo alguno.
En resumen, la apelante continúa ocupando el mismo cargo que ocupaba, con los mismos deberes, *1138 la misma paga, y está ubicada en la misma área donde trabajaba anteriormente, excepto que trabaja en otra oficina que pertenece a dicha área y que está ubicada en el piso 12 cuando antes de la reubicación ella trabajaba en el piso 13 de la misma área.
La apelante declaró que no ha recibido cambio en sus deberes ni rebaja en la compensación, excepto que no está conforme con dicho "traslado".
II
La Sección 4.5 de la Ley de Procedimiento Administrativo Uniforme, Núm. 170 de 12 de agosto de 1988 según enmendada, 3 L.P.R.A. see. 2175, establece que las determinaciones de hechos de las decisiones de las agencias deberán ser sostenidas por los tribunales, si se basan en evidencia substancial que obra en el expediente administrativo. Desde hace muchos años, en Hilton Hotels International v. Junta de Salario Mínimo, 74 D.P.R. 670 (1953) el Tribunal Supremo ha establecido que evidencia substancial es aquella que una mente razonable podría aceptar como adecuada para sostener una conclusión. De este modo, lo determinante es que en el récord exista evidencia para sostener las determinaciones hechas por la agencia, aunque se haya presentado prueba conflictiva, de la cual podría inferirse una determinación distinta. Junta de Relaciones del Trabajo v. Línea Suprema, 89 D.P.R. 486 (1964). Por esta razón los tribunales no deben intervenir con las determinaciones de hechos de una agencia a menos que el recurrente demuestre que tales determinaciones son irrazonables y arbitrarias. Murphy Bernabé v. Tribunal Superior, 103 D.P.R. 692 (1975). La recurrente no ha demostrado que las determinaciones hechas por el Comité de Apelaciones sean arbitrarias.
Las determinaciones sobre administración de personal que toma el jefe de una agencia sobre la oficina en que una persona deberá ejercer los deberes de su puesto es una determinación que conlleva una amplia discreción administrativa. Una administración de personal, racional, científica y eficiente no puede estar sujeta a la intervención judicial sobre cómo responder a las necesidades del servicio cada vez que exista una discrepancia entre el jefe y el empleado sobre el lugar en que debe desempeñar las funciones de su puesto. Alvarez de Choudens v. Tribunal Superior, 103 D.P.R. 235 (1975). Consistente con estos principios de administración pública, la Sección 4.4(5) de la Ley de Personal del Servicio Público, Núm. 5 de 14 de octubre de 1975, según enmendada, 3 L.P.R.A. see. 1334(5), establece claramente que un jefe de agencia podrá trasladar a un empleado por necesidades del servicio cuando el traslado no resulte oneroso para el empleado. En el caso de autos el Comité de Apelaciones determinó que existía una necesidad del servicio que justificó la reubicación y que esta reubicación no resulta onerosa para la recurrente.
De tal modo, la controversia sobre si la reubicación del puesto de la señora Vega fue o no un traslado es irrelevante. La referida acción de personal constituye una prerrogativa que el Director de la Autoridad de Carreteras ejerció dentro del ámbito de su discreción como autoridad nominadora y la recurrente no le ha demostrado al Tribunal que el Comité de Apelaciones no tuvo evidencia substancial para sostener la determinación de que la transacción de personal se efectuó para responder a necesidades del servicio y no fue onerosa para la recurrente.
Por los fundamentos antes expuestos, se deniega la expedición del recurso de revisión solicitado en el caso del título.
Lo acuerda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General