José A. Álvarez de Choudens, Secretario de Salud de Puerto Rico, peticionario, *v.* Tribunal Superior de Puerto Rico, Sala de San Juan, Hon. Héctor A. Colón Cruz, Juez, demandado; Ismael Zapater Hernández, interventor.

Número: O-73-192      Resuelto: 10 de enero de 1975

*Peter Ortiz, Procurador General Interino, y Roberto Armstrong, Jr., Procurador General Auxiliar,* abogados del peticionario; *Antonio Zapater Cajigas* y *José Ramón Pérez Hernández,* abogados del interventor.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

El interventor presentó en el Tribunal Superior, Sala de San Juan, una solicitud de *mandamus* en la cual hizo figurar como demandados al Secretario de Salud de Puerto Rico, Dr. José A. Alvarez de Choudens y al Sr. José L. Berlingeri, un funcionario administrativo de dicho Departamento.

Alegó, en síntesis, el interventor Zapater que ocupaba el cargo de director de personal del Departamento de Salud y que en enero de 1973 recibió una carta del Secretario de Salud, Dr. Alvarez de Choudens, fechada a 16 de dicho mes y año, en la cual el Secretario le comunicaba lo siguiente:

"He dispuesto que se haga un análisis concienzudo de todas las transacciones de personal llevadas a cabo durante los últimos meses del pasado año.

Me preocupa la situación económica de este Departamento y el impacto económico que pueda tener sobre la nómina todos los aumentos de sueldo, reasignaciones, plazas vacantes cubiertas, etc., que se autorizaron durante dicho período. [1]

Deseo también que se estudien estas transacciones a la luz de los reglamentos vigentes y las disposiciones de la Ley de Personal y el Sistema de Mérito que la misma establece.

Para que este análisis pueda hacerse en la forma más objetiva posible, he creído necesario asignar esta tarea a personas no relacionadas con la propia Oficina de Personal.

El Sr. José L. Berlingeri asumirá interinamente la dirección de esa Oficina a partir del día de hoy y responderá directamente a mi oficina.

Espero le brinde al Sr. Berlingeri toda la cooperación requerida."

Para dicha fecha Zapater recibió también una copia de una carta del Secretario de Salud dirigida a su Ayudante Administrativo, Sr. Berlingeri, en la cual le decía:

"A partir de esta fecha, además de sus funciones dentro de la Secretaría Auxiliar para Administración, la División de Personal de este Departamento funcionará bajo su dirección interinamente y usted responderá directamente a mi oficina.

Usted deberá analizar toda acción que allí se tome y darle personalmente su aprobación.

Entre otras funciones, deseo que usted asuma la representación de este Departamento en todas las reuniones relacionadas con las funciones de la División de Personal a que seamos citados.

Deseo que usted estudie los expedientes personales de los empleados de este Departamento para asegurarse de que todos los cambios habidos en su remuneración y funciones se han hecho de acuerdo a la Ley y reglamento de la Oficina de Personal. También deseo que se analicen todas las transacciones de personal hechas en los últimos tres meses, que tengan impacto presupuestario, tales como nombramientos nuevos, ascensos, reasig-

---

[1] Se refería a los últimos días del cuatrienio 1968–72.

naciones, concesiones de pasos, permanencias, etc. Deseo me indique cuales de estas transacciones se hicieron con carácter retroactivo.

Este análisis debe verificarse inmediatamente e informarme sobre el particular.

Usted podrá delegar en el actual Director de Personal aquellas funciones que usted considere él puede desempeñar, de acuerdo a su preparación, experiencia, y las cuales no resulten en detrimento de la buena operación de las transacciones de personal de esta Agencia."

El Secretario no destituyó ni suspendió de su empleo ni de sueldo a Zapater, sino que se limitó a relevarlo de determinadas funciones, que por la forma en que Zapater las desempeñó el Secretario tenía por lo menos dudas o preocupaciones y decidió hacerlas examinar. Las dos cartas del Secretario antes copiadas revelan claramente esa preocupación.

Zapater, en su demanda, solicitó que el tribunal ordenase su reposición inmediata al desempeño "de las funciones, atribuciones y prerrogativas" inherentes al cargo de director de personal del Departamento de Salud y que condenase a los demandados a pagarle por concepto de daños la suma de $100,000 más las costas, gastos y honorarios de abogado. Dicha petición está fechada a 11 de mayo de 1973.

Cuatro días más tarde, el 15 de mayo de 1973, el Tribunal Superior emitió una Orden dirigida al Secretario de Salud en el sentido de que procediese inmediatamente y sin excusa ni pretexto alguno a reponer al interventor en el desempeño de las funciones del cargo de director de personal del Departamento de Salud y que de haber oposición o reparo a lo ordenado el demandado debería comparecer el día 25 de aquel mes y año a las dos de la tarde para presentar su contestación a la petición y formular sus alegaciones y de no hacerlo así, el tribunal emitiría la correspondiente orden con carácter permanente.

■ Erró el tribunal de instancia al expedir el 15 de mayo de 1973 un auto alternativo de *mandamus* pues dicho

auto ya no existe en esta jurisdicción. *Martínez* v. *Vda. de Morales*, 72 D.P.R. 210 (1951). Según resolvimos en el caso citado, a tenor con las Reglas de Procedimiento Civil, el demandado es traído al tribunal mediante un emplazamiento y está obligado a alegar de conformidad con las Reglas. Véase la Regla 55 de Procedimiento Civil. (²)

Llegada la fecha señalada para la vista, 25 de mayo de 1973, compareció el Secretario de Salud y presentó una moción de desestimación basada, en síntesis, en los siguientes fundamentos:

1. Que el *mandamus* es un recurso altamente privilegiado y no procede su expedición cuando existe un recurso adecuado y eficaz en ley; que según se desprende de la propia petición del demandante, éste es un empleado con carácter permanente y que tiene un remedio en ley para ventilar su querella, esto es, a través de la Junta de Personal.

2. Que es improcedente el *mandamus* incoado en este caso ya que el peticionario no había agotado el remedio administrativo disponible.

3. Que no procede el *mandamus* perentorio ya que sólo puede solicitarse y dictarse cuando el derecho a exigir la inmediata ejecución de un acto es evidente y surja que no se podrá dar ninguna excusa para no ejecutarlo; que el Secretario de Salud actuó dentro del marco de sus funciones oficiales y motivado por una legítima preocupación por que se hiciera una investigación objetiva de la administración de personal en su Departamento; que no se trata de un caso donde la ley ordena el cumplimiento específico de un acto y que el Secretario podía actuar como lo hizo.

4. Que no procede el auto solicitado por no existir en este caso un derecho claro para exigir el cumplimiento del auto que se pretende.

---

(²) Aunque el caso de *Martínez* v. *Vda. de Morales*, supra, se resolvió bajo las Reglas de Enjuiciamiento Civil de 1943, la situación bajo las vigentes Reglas de Procedimiento Civil (de 1958) es la misma.

El tribunal de instancia suspendió *motu proprio* la vista que había señalado sin tomar acción sobre la moción de desestimación antes mencionada y en esa misma fecha, el 25 de mayo de 1973, expidió una Orden dirigida al Secretario de Salud en cuya orden utilizó el siguiente lenguaje:

". . . se le requiere a usted, Dr. José A. Alvarez de Choudens, Secretario de Salud, para que comparezca ante este Tribunal el día 31 de mayo de 1973 a las 9:00 de la mañana, a mostrar causas por las cuales no deba ser castigado en la forma prescrita por la ley. Se le apercibe que si resultare usted incurso por el incumplimiento de la referida orden podrá ser castigado por desacato criminal, cuya penalidad señala un máximo de encarcelación de treinta (30) días o una multa cuyo máximo es de $200.00 o ambas penas a discreción del Tribunal. Se le apercibe, en adición, que si resultare incurso en desacato civil, podrá ser encarcelado en forma indefinida hasta tanto se disponga a cumplir con los términos de nuestra Orden. Igualmente se le indica que el Artículo 661 del Código de Enjuiciamiento Civil, disponible [*sic*], en adición, para la desobediencia de una orden perentoria de Mandamus, señala una multa que no excederá de $500.00."

El 31 de mayo se celebró la vista señalada; se exoneró al Secretario de la imputación de desacato; no se resolvió la moción de desestimación presentada por el demandado; se señaló la vista de la misma para el 20 de julio de 1973; y el tribunal dictó una nueva Orden dicho 31 de mayo disponiendo lo siguiente:

"Se ordena al co-demandado, José A. Alvarez de Choudens, Secretario de Salud, que proceda inmediatamente sin excusa, ni pretexto alguno a reponer al peticionario, Ismael Zapater Hernández, al pleno desempeño de las funciones, atribuciones y prerrogativas inherentes al cargo de Director de Personal del Departamento de Salud con las mismas condiciones de trabajo que tenía antes del 19 de enero de 1973."

También mediante dicha Orden se señaló para el 20 de julio de 1973 la vista para la discusión de la moción de desestimación que había presentado el Secretario de Salud en 25 de mayo de 1973.

En 4 de junio de 1973 el Secretario de Salud, representado por el Procurador General, presentó solicitud de *certiorari* solicitando que dejemos sin efecto la orden dictada por el tribunal de instancia y que se desestime la petición de *mandamus*.

En 4 de junio de 1973 expedimos una Orden Para Mostrar Causa que lee como sigue:

"Vistas las alegaciones y documentos adjuntos a la petición de certiorari, se le concede al demandante Ismael Zapater Hernández, caso PE-73-615 C, pendiente ante el Tribunal Superior, Sala de San Juan, un término que vencerá el 11 de junio de 1973 para mostrar causa, si alguna tuviere, por la cual no deba expedirse el auto solicitado, dejar sin efecto la orden del Tribunal de instancia de 31 de mayo de 1973, y restituir en todo su efecto y vigor la orden de 15 de mayo de 1973, a los fines de que la parte demandada pueda comparecer y ser oída en torno a la referida orden de 15 de mayo de 1973. Quedan paralizados mientras tanto los efectos de la orden de 31 de mayo de 1973."

Luego de dos prórrogas concedidas al interventor Zapater Hernández, éste presentó finalmente su escrito en 5 de julio de 1973. Le hemos dado detenida lectura pero no nos ha persuadido de que no debemos expedir el auto de *certiorari* solicitado.

Como se sabe, el auto de *mandamus* es un recurso altamente privilegiado y sólo se dirigirá a cualquier persona "obligada al cumplimiento de un acto que la ley *particularmente ordene* como un deber." (Bastardillas nuestras.) Véase, 32 L.P.R.A. secs. 3421 y 3422. Solamente procede la orden perentoria cuando "el derecho a exigir la inmediata ejecución de un acto sea *evidente* y aparezca que no se podrá dar ninguna excusa para no ejecutarlo." (Bastardillas nuestras.) Regla 55 de Procedimiento Civil.

■ No creemos que en este caso sea evidente que el Secretario de Salud venga obligado por ley a asignarle unas determinadas funciones a un empleado de su Departamento, esto es, al interventor. Asignar unas funciones específicas u otras,

tales como por ejemplo, atender las funciones de personal, de nóminas, o de presupuesto, o de organización y métodos, o de informes, o de bienestar social, o de instituciones para niños, etc., no es "un acto que la ley particularmente ordene," *como requiere el estatuto*, (³) para la expedición de un auto de *mandamus*. La determinación de si un empleado o un funcionario va a atender unas funciones u otras dentro de un Departamento, corresponde hacerla al jefe del Departamento, pues hacer tales determinaciones son funciones indispensables e inherentes a la función ejecutiva del jefe del Departamento.

No creemos que procedía en este caso la expedición del *mandamus* por no tratarse de un deber ministerial expreso y particularmente ordenado por la ley. Como se sabe, un deber ministerial es uno en cuya ejecución no cabe ejercicio de discreción alguna por parte de la persona que viene obligada a cumplirlo. Por el contrario, la determinación hecha por un jefe de Departamento sobre qué personas en su Departamento ejercerán o no ejercerán determinados deberes y funciones es una determinación que conlleva amplia discreción administrativa. También es dudosa la procedencia de la expedición del *mandamus* porque el interventor, allí peticionario, no agotó los remedios disponibles en ley. Para aquellos empleados comprendidos dentro del servicio civil clasificado la Ley de Personal provee el procedimiento a seguir para ventilar sus querellas. Art. 31, Ley Núm. 345 de 12 mayo 1947, según enmendada; 3 L.P.R.A. sec. 671.

Una administración de personal racional, científica y eficiente no puede depender de que las determinaciones claramente discrecionales de los jefes ejecutivos estén sujetas a ser refrendadas judicialmente cada vez que surja fricción entre el jefe y el empleado.

No obstante lo anterior, como la Orden Para Mostrar Causa emitida por este Tribunal estuvo limitada a oír al de-

---

(³) 32 L.P.R.A. sec. 3422.

mandante Ismael Zapater Hernández sobre por qué no debía expedirse el auto, dejar sin efecto la orden del tribunal de instancia del 31 de mayo de 1973 y restituir la orden de dicho tribunal de 15 de mayo del mismo año, a los fines de que la parte demandada, el Secretario de Salud, pudiese comparecer y ser oída en torno a la citada orden de 15 de mayo de 1973, *se expedirá el auto solicitado, se dejará sin efecto la orden del tribunal de instancia del 31 de mayo de 1973 y se devolverá el caso a dicho tribunal para que ordene la presentación de la contestación, según lo dispone la Regla 55 de Procedimiento Civil y luego de celebrado el juicio adjudique la controversia.*

El Juez Asociado, Señor Torres Rigual, no intervino.