Pesante Martínez, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
Mediante el presente recurso de revisión se solicita revoquemos una Resolución dictada por el Departamento de Asuntos del Consumidor (D.A.C.O.) en la cual se le ordenó pagar a Rafael A. Rivera Ramos H/N/C Garaje Bairoa una multa administrativa de cinco mil dólares ($5,000) por violar la Ley Núm. 5 del 23 de abril de 1973, según enmendada, y la Orden para fijar márgenes de beneficio bruto y precios en la venta de gasolina de Puerto Rico del 30 de noviembre de 1989.
I
El recurrente Rafael A. Rivera Ramos operaba como detallista de gasolina un garaje ubicado en lá Carr. 156, Km. 52, Bo. Bairoa, Aguas Buenas, Puerto Rico.
El 22 de octubre de 1990, un funcionario del D.A.C.O. se personó al garaje del recurrente para inspeccionar los archivos del negocio de venta de gasolina. Este encontró que la recurrente "tenía y ofrecía para la venta gasolina marca Texaco de 87 octanos con un margen de beneficio bruto mayor de 19.7 centavos por galón en "full services". El costo de 1.31100 y el precio de venta 39.9 según factura número 1091065 del 20 de octubre de *866 1990. Inmediatamente se le expidió un boleto imputándole infracción a los antes aludidos preceptos.
El 14 de marzo de 1991 se celebró la vista administrativa en el caso de epígrafe. El 24 de enero de 1995, transcurrido casi tres (3) años y diez (10) meses desde la celebración de la vista D.A.C.O. concluyó que el recurrente había violado la ley por lo que le impuso una multa administrativa de $5,000.
Mediante petición de reconsideración la recurrente argüyó que D.A.C.O. perdió jurisdicción para resolver el caso ya que al momento de dictar su resolución habían transcurrido los términos para adjudicación dispuesto en las secciones 2163(g) y 2164 de la Ley de Procedimiento Administrativo Uniforme Ley Núm. 170 de 12 de agosto de 1983. Además adujo que al momento de resolverse el caso se había dejado sin efecto la orden para controlar el precio de venta de la gasolina; razón por la cual D.A.C.O. estaba obligado a archivar dicha infracción. El 16 de mayo de 1995 D.A.C.O. declaró no ha lugar la solicitud de reconsideración.
Inconforme con dicha determinación acudieron al Tribunal de Instancia alegando en síntesis que el D.A.C.O. no tenía jurisdicción para ventilar el caso y que de tener jurisdicción no procedía la multa impuesta porque al momento de resolverse la querella dicha conducta no era sancionada. Al amparo de lo dispuesto en el Artículo 9.0004(a) de la Ley de la Judicatura de Puerto Rico según enmendada, se refirió el caso ante nuestra consideración. Evaluamos los planteamientos de la recurrente y denegamos la expedición del auto. A continuación fundamentamos nuestra decisión.
n
La Ley Núm. 170, supra, fue creada con la intención de proveerle a las agencias administrativas de los mecanismos necesarios para uniformar el proceso decisional evitando de esta manera la inestabilidad y confusión que crean las reglamentaciones desconocidas y complejas. A tales efectos el legislador incluyó en su Exposición de Motivos los postulados que regirían el proceso administrativo. Entre estos, se encuentran el garantizar que los procesos ante dicho organismo se caracterizen por su servicio de calidad, eficiencia, esmero, prontitud e interpretación liberal. A su vez el legislador estableció una serie de términos que le ayudaría a cumplir el propósito que tiene la Ley. Entre los mencionados términos se encuentran los siguientes:

"1) Todo caso sometido a un procedimiento adjudicativo ante una agencia deberá ser resuelto dentro de un término de seis (6) meses, desde su radicación, salvo en circunstancias excepcionales. 3 L.P.R.A. see. 2163.

2) Una orden o resolución final deberá ser sometida por escrito dentro de noventa (90) días después de concluida la vista o después de la radicación de las propuestas determinaciones de hechos y conclusiones de derecho a menos que este término sea renunciado o ampliado con el consentimiento escrito de todas las partes o por causa justificada." 
 3 L.P.R.A. see 2164. Descansando en estos articulados los recurrentes arguyen que transcurridos los términos aludidos el D.A.C.O. queda privado de jurisdicción para adjudicar el asunto o querella ante su consideración. No tiene razón. En el caso de la reconsideración el legislador dispuso:

"Si la agencia acoge la moción de reconsideración pero deja de tomar alguna acción con relación a la moción dentro de los noventa (90) días de ésta haber sido radicada perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de noventa (90) días salvo que la agencia, por justa causa y dentro de esos noventa (90) días, prorrogue el término para resolver por un período que no excederá de treinta (30) días adicionales. 3 L.P.R.A. see. 2165."

Como podemos ver el legislador expresó claramente que la agencia tenía un término de noventa (90) días para resolver la moción de reconsideración advirtiendo que transcurrido dicho término sin expresarse sobre la misma perdería su jurisdicción. El incumplimiento de dicho término por parte de la agencia es el único que puede tener el efecto de privarle de jurisdicción. A los otros términos establecidos en dicha Ley no se le imprimió similar cariz. Por el contrario, las secciones 2163(g) y 2164 meramente establecen términos directivos.
El profesor Demetrio Fernández señala "que resulta un tanto difícil armonizar el término de seis meses en el que se pretende concluir con los procedimientos ante la agencia con la facultad que se le concede a las partes de renunciar al término de noventa días dispuesto en la Ley para emitir la resolución u orden. D. Fernández Quiñones, Derecho .Administrativo y Ley de Procedimiento Uniforme, Editorial Forum, 1993, pág. 187. Por *867 otro lado, en la jurisdicción federal, la Administrative Procedure Act establece que. la agencia dispondrá de los. recursos presentados ante ella en un término de tiempo que sea razonable. Nuestro, estatuto intentó darle contenido a dicha disposición incluyéndole el término de los seis meses para que la agencia dispusiera de los casos ante ella y de noventa (90) días para que emitiera resolución una vez celebrada la vista administrativa.
Ambos términos deben ser entendidos como expresiones ilusorias del legislador. Han sido incorporadas en el estatuto con ánimo de imprimirle celeridad y eficiencia al procedimiento adjudicativo. El pensar que su incumplimiento dará lugar a que los tribunales asuman jurisdicción sería abonar a la ilusión legislativa. Desde el punto de vista pragmático, toda intervención judicial que procure asumir jurisdicción para resolver equivaldría a aumentar la demora de la decisión. Es de notar que el caso se encuentra en una etapa donde sólo falta la decisión...". D. Fernández Quiñones, Ibid.
No obstante, esto no quiere decir, que los organismos administrativos tienen carta blanca para ignorar sus propios estatutos directivos dilatando innecesariamente los procesos ante la agencia. Este tiene que resolver el caso dentro de un término razonable. De otra parte, tampoco quiere decir que una parte se cruce de brazos dejando pasar el tiempo en que la agencia debió resolver el caso sin hacer gestión afirmativa alguna para que cuando por fin recaiga la resolución, invoque violación al debido proceso de ley por el incumplimiento con términos que son meramente directivos.
Cabe señalar, que entendemos que los organismos administrativos están obligados a emitir sus decisiones dentro de los términos dispuestos en la ley, sin embargo,"[l]a única consecuencia que se prevé-, que puede acarrear el hecho de no resolver durante el aludido período, es que se recurra al proceso para que se ponga en función el recurso de mandamus." D. Fernández Quiñones, supra, pág. 479.
El recurso de mandamus, se utiliza para obligar a cualquier persona, corporación, junta o tribunal inferior a cumplir con un deber ministerial, cuando no se cuenta con otro mecanismo legal para exigir su cumplimiento. A tales efectos, la propia Ley Orgánica de D.A.C.O. dispone:

"En caso de que el Secretario del Departamento de Asuntos del Consumidor o su designado demorare más del plazo fijado por este Capítulo, el querellante podrá recurrirá la Sala del Tribunal Superior correspondiente a la Oficina donde se haya radicado la querella y solicitar a este foro que expida una orden de mostrar causa sobre la justificación de la demora. El tribunal podrá a su discreción, fijar un plazo para que el Departamento del Consumidor resuelva." 

Los funcionarios del departamento del ejecutivo, en este caso los funcionarios del D.A.C.O., están obligados a acatar las leyes del gobierno. Por tanto, dichos funcionarios pueden ser obligados mediante recurso de mandamus a cumplir con las mismas. 
En el caso de marras, la resolución fue dictada transcurrido más de tres (3) años y diez (10) meses de la celebración de la vista administrativa. El recurrente, como parte afectada por la tardanza, tenía la opción de presentar un recurso de mandamus en el Tribunal de Instancia alegando que la agencia estaba dilatando innecesariamente los procedimientos. La falta de diligencia del recurrente no puede premiarse con la desestimación del recurso por falta de jurisdicción. La redacción de los articulados nos obligan a inferir que el legislador no deseaba que dichos términos fueran de carácter jurisdiccional. De haber querido dicho resultado hubiera utilizado un lenguaje claro y preciso como en la moción de reconsideración.
Por último, la ley habilitadora del D.A.C.O. faculta a su Secretario a imponer multas hasta un-máximo de $5,000 por violación a las leyes que administra el Departamento y reglamentos u órdenes emitidas por el mismo. "La imposición de multas o penalidades civiles por los organismos administrativos ha recibido aprobación tanto judicial como legislativa." D. Fernández Quiñones, supra, pág. 105. En Hernández Denton v. Quiñones Desdier, 102 D.P.R. 218 (1974) se dispuso que:
El poder de la Asamblea Legislativa para delegar al proceso administrativo el poder de tomar acción correctiva en protección de los consumidores de bienes y servicios en situaciones como la presente se ha *868 reconocido por este Tribunal.
D.A.C.O. mediante la Orden para fijar márgenes de beneficio bruto y precio de venta en la gasolina de 30 de noviembre de 1989 sancionaba la conducta en que incurrió el recurrente. Dicha Orden al momento de resolverse el caso se había dejado sin efecto. Sin embargo, el resultado de dicha acción sólo tiene efecto prospectivo salvo que se disponga lo contrario. En consecuencia el recurrente violó una orden administrativa del D.A.C.O. vigente en aquel momento y debe ser sancionado por ello. Reiteradamente, hemos reconocido que los tribunales apelativos deben una gran deferencia a las interpretaciones que los organismos administrativos hagan de sus estatutos. Las resoluciones y decisiones de los organismos administrativos gozan de una presunción de corrección y los tribunales no deberán intervenir si las mismas están sostenidas en evidencia sustancial. Maisonet Felicié v. Corp. Fondo del Seguro del Estado, _ D.P.R. _ (1996), op. de 30 de diciembre de 1996, 96 J.T.S. 169, pág. 454.
Por los fundamentos que anteceden se deniega la expedición de auto.
Lo acordó el Tribunal y lo certifica la Secretaria General.
Aida I.Oquendo Graulau
Secretaria General
ESCOLIOS 97 DTA 20
1. Exposición de Motivos de la Ley Núm. 170 del 12 de agosto de 1988, Leyes de Puerto Rico 1988, pág. 826.
2. El concepto justa causa habrá de ser interpretado por los tribunales en su día. "[P]or el momento basta indicar que es un concepto que será aplicado caso por caso y que se nutrirá de la experiencia judicial que ha definido lo que es demora y falta de diligencia en la solución de litigios judiciales" D. Fernández Quiñones, Derecho Administrativo y Ley de Procedimiento Uniforme, Editorial Forum, 1993 págs. 186-187.
3. 32 L. P.R.A. see. 3421 et seq.
4. " [U] n deber ministerial es uno en cuya ejecución no cabe ejercicio de discreción alguna por parte de la persona que viene obligada a cumplirlo. "Alvarez de Choudens v. Tribunal Superior, 103 D.P.R. 235, 242, (1975).
5. D. Rivé Rivera, Recursos Extraordinarios, Programa de Educación Legal Continuada de la U.I.P.R., 1989, pág. 35.
6.3 L.P.R.A. sec. 341Í-2.
7. Rivé Rivera, supra., pág. 95-96, citando a Luzt v. Post. Gobernador, 14 D.P.R. 860, 869, 870 (1908).
8. Para determinar si una tardanza es irrazonable se pueden utilizar los siguientes criterios:
"(1) [Tjhe time agencies take to make decisions must be governed by a "rule of reason"...', (2) when Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling that statutory scheme may supply context for this rule of reason...; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake...; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority-...; (5) the court should also take into account the nature and extent of the interest prejudiced by delay...; and, (6) the court need not" find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed." Culp Davis & Pierce, Administrative Law Treatise, 3ra. ed., Boston, 1991, Vol. II, pág. 220; Citando de T.R.A.C. v. F.C.C., 750 F.2d 70 (D.C. Cir. 1984).
9. 3 L.P.R.A. sec. 341 (q).