Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| EDGAR ABNER REYES COLÓN  Recurrido  v.  SHEILA LI BENABE GONZÁLEZ  Peticionaria | KLRX202400007 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Juan  Caso núm.: SJ2021RF00002 (708)  Sobre: Alimentos |
|---|---|---|

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Rodríguez Casillas y el Juez Candelaria Rosa.

Sánchez Ramos, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 16 de mayo de 2024.

En un caso de pensión alimentaria, una madre nos solicita que le ordenemos al Tribunal de Primera Instancia ("TPI") resolver una moción de desacato presentada contra el padre hace aproximadamente dos meses. Según se explica a continuación, concluimos que procede ordenarle al TPI resolver la referida moción de forma expedita.

I.

La acción de referencia se presentó en enero de 2021 por el Sr. Edgar Abner Reyes Colón (el "Padre") contra la Sra. Sheila Li Benabe González (la "Madre"). Las partes tienen en común una hija menor de edad (la "Hija") para la cual se fijó una pensión alimentaria provisional de $3,000.00 mensuales.

---

[1] El recurso fue asignado a este panel por virtud de lo dispuesto en la Orden Administrativa OAJP-2021-086, de 4 de noviembre de 2021, sobre *Normas para la Asignación de Recursos Nuevos Previamente Presentados en el Tribunal de Apelaciones.* Como consecuencia de la referida orden, este recurso, así como todo recurso futuro que surja del caso de referencia, pendiente ante el Tribunal de Primera Instancia, será atendido por los integrantes de este panel, quienes adjudicaron los correspondientes recursos anteriores (KLCE202200358, KLCE202300137, KLCE202300243, KLAN202300608, KLCE202300890 y KLCE202400303); véase, además, Orden Administrativa OATA-2023-032 de 27 de febrero de 2023.

Como resultado de una vista celebrada el **19 de mayo de 2023** (la "Vista"), las partes llegaron a un acuerdo sobre la pensión alimentaria final para beneficio de la Hija (el "Acuerdo"). Mediante una Resolución notificada el 23 de mayo (la "Sentencia"), el TPI acogió la referida transacción.

Se dispuso que el Padre pagaría "la suma de $5,000.00 mensuales, el 100% de los gastos académicos, campamento de verano [y] gastos médicos". Además, se acordó que las partes dividirían por la mitad los "gastos extraordinarios" de la Hija. Se estipuló que el Acuerdo sería "efectivo el 1 de junio de 2023".

En lo pertinente, el **1 de marzo de 2024**, el Padre presentó un escrito ante el TPI en el cual informó que había recibido "notificaciones de deuda de los alimentos de la menor en la escuela" (la "Moción Inicial"). Indicó que la Madre le "envía notificaciones de que se adeuda dinero de alimentos de la menor en la cafetería" de su escuela. Arguyó que todos los gastos de alimentación de la Hija, dentro o fuera de la casa, deben sufragarse con cargo a la pensión básica acordada. Solicitó al TPI que le ordenase a la Madre pagar la deuda de la cafetería de la escuela.

El **11 de marzo**, la Madre presentó una *Solicitud de Desacato* (la "Moción"). Planteó que, por virtud del Acuerdo, el Padre "se obligó a pagar el 100% de todos los gastos escolares, académicos y extracurriculares escolares de la menor", por lo cual le correspondía a este pagar la deuda de la cafetería de la escuela. Sostuvo que se desprendía del audio de la Vista, **una porción del cual se reprodujo en la Moción**, que el Padre en efecto se comprometió a sufragar todos los gastos escolares, lo cual incluye el pago a la cafetería. Solicitó al TPI que le ordenase al Padre satisfacer la deuda de la cafetería en un término de 24 horas.

El **15 de marzo**, la Madre presentó una *Urgente Solicitud de Orden de Pago Inmediato* (la "Segunda Moción"). Informó que la

deuda de la cafetería ascendía a $439.10, y que el Padre no la había pagado. Se le advirtió al TPI que la cafetería había comunicado por escrito que no se le suplirían alimentos a la Hija a partir del 1 de abril, a menos que se saldara la referida deuda.

El **20 de marzo**, la Madre presentó una *Urgente Tercera Solicitud de Desacato* (la "Tercera Moción"). La Madre expuso que la Hija "se encuentra desprovista del auxilio de este Tribunal y en un riesgo inminente de que le priven de los servicios de la cafetería por el desacato" del Padre. Una vez más, solicitó que se ordenase al Padre pagar la referida deuda dentro de un plazo de 24 horas.

Por su parte, el **20 de marzo**, el TPI le ordenó al Padre que, en 20 días, replicara a la Segunda Moción. Además, el **27 de marzo**, el TPI le ordenó al Padre que, en 20 días, replicara a la Tercera Moción.

El **11 de abril**, la Madre le solicitó al TPI que diese por sometida sin oposición la Segunda Moción, al haber transcurrido el término concedido al Padre para oponerse a la misma (la "Cuarta Moción").

Más tarde ese día, el Padre se opuso a la Cuarta Moción. Señaló que, desde el 1 de marzo, fecha en que presentó la Moción Inicial, el TPI conocía su postura en cuanto al asunto planteado en las mociones de la Madre. Entiéndase, que es a la Madre a quien corresponde sufragar la deuda de la cafetería.

El **17 de abril**, la Madre presentó una *Urgentísima Solicitud de Remedio* (la "Quinta Moción"). Se le informó al TPI que, en la mañana de ese día, la Madre supo que la "cafetería del colegio donde estudia la menor no le permite consumir alimentos", ello en atención a que el Padre no ha pagado la deuda correspondiente.

El **8 de mayo**, la Madre presentó el recurso que nos ocupa, sobre *Mandamus*. Informó que, el 11 de abril, la Madre había logrado que "se le abriera nuevamente el crédito a la menor hasta el

fin del mes de abril". Afirmó que, el 30 de abril, ante el hecho de que el TPI aún no había dispuesto sobre el asunto, ella "satisfizo la deuda de la menor en la cafetería por la cantidad de $560.00". Por tanto, expuso que el Padre debía reembolsarle dicha cantidad, "con imposición de intereses, honorarios de abogado por desacato y por el presente recurso de mandamus".

La Madre planteó que, "al día de hoy, el TPI continúa sin resolver la controversia en completa negligencia de su deber ministerial de salvaguardar los derechos e intereses de la menor".

El 9 de mayo, le ordenamos al TPI (juez Rafael Jiménez Rivera) que mostrara causa, en o antes del 13 de mayo, por la cual no debíamos expedir el auto solicitado.

El 10 de mayo, el TPI compareció ante este Tribunal e informó que, el **9 de mayo**, había señalado una "vista de desacato" para el 21 de junio. Indicó que esa era la "fecha más próxima en el calendario de la Sala 708". Nos solicitó que tomáramos "conocimiento" de que había una "falta de acceso al Centro Judicial de San Juan desde el 17 de abril de 2024, como consecuencia del incendio", lo cual había provocado "atraso en el despacho, así como ajustes inmediatos en el calendario". Surge de los autos que, en efecto, el 9 de mayo, el TPI dispuso que el asunto en controversia se "discutir[ía] en vista por videoconferencia el 21 de junio de 2024 a las 10:30 a.m.". Disponemos.

## II.

El "auto de *mandamus* es un recurso altamente privilegiado y discrecional que se expide para ordenar a cualquier persona natural, corporación o a un tribunal de inferior jerarquía que cumpla o ejecute un acto que forma parte de sus deberes y atribuciones". *AMPR v. Srio. Educación, E.L.A.*, 178 DPR 253, 263 (2010); Art. 649 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3421. El *mandamus* sólo puede utilizarse para exigir el

cumplimiento de un deber "ministerial", es decir, tiene que ser un deber impuesto por la ley, que no admite discreción en su ejercicio. *AMPR* , *supra.*

Ahora bien, por tratarse de un recurso extraordinario, el *mandamus* sólo procede luego de que se han agotado otros remedios existentes en ley. Art. 651 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3423; *Álvarez de Choudens v. Tribunal*, 103 DPR 235, 242 (1975). Ello pues "el objeto del auto no es reemplazar remedios legales sino suplir la falta de ellos". *AMPR*, 178 DPR a las págs. 266-67. Por consiguiente, antes de comparecer al Tribunal, el peticionario debe demostrar que hizo un requerimiento previo al funcionario encargado, para que se cumpliera el deber ministerial reclamado. *Dávila v. Superintendente*, 82 DPR 264, 275 (1960). Además, la Regla 54 de Procedimiento Civil requiere que la solicitud sea juramentada. 32 LPRA Ap. V, R. 54.

III.

Concluimos que procede expedir el auto solicitado y ordenar al TPI que adjudique la controversia pendiente, sobre los gastos de la cafetería de la escuela de la Hija, en o antes del 24 de mayo de 2024.

El TPI no ha actuado con la diligencia que el asunto planteado ameritaba. Por su naturaleza, cualquier planteamiento sobre un supuesto incumplimiento con una obligación alimentaria para beneficio de un menor de edad debe ser atendido con urgencia. Ello por el alto interés público en promover el mejor bienestar de los menores de edad y para evitar que se alargue cualquier incertidumbre al respecto. Adviértase que la prolongación indebida de este tipo de controversia afecta adversamente a todas las partes.

En este caso, el récord demuestra claramente que el TPI no ha actuado con la urgencia que el asunto ameritaba, particularmente

tomando en cuenta, además, que se trata de una controversia sencilla.

En efecto, la controversia se trajo a la atención del TPI el **1 de marzo**, hace ya dos meses y medio, a través de la Moción Inicial presentada por el Padre. La postura de la Madre quedó consignada unos días luego, el **11 de marzo**, a través de la Moción. La Madre reiteró su postura, y su solicitud de un remedio urgente, varias veces más (15 de marzo, 20 de marzo, 11 de abril y 17 de abril). El Padre consignó nuevamente su criterio el 11 de abril.

A pesar de todo ello, no es hasta luego de presentado el recurso de referencia que el TPI estimó procedente señalar una vista al respecto, la cual señaló para finales de junio.

A la luz del tiempo transcurrido, y de la naturaleza del asunto planteado, procede ordenar al TPI que atienda con la urgencia apropiada las mociones pendientes sobre la controversia en torno a quién le corresponde satisfacer el gasto de la cafetería escolar de la Hija.

No tiene pertinencia, en este contexto, que no haya "acceso" al Centro Judicial de San Juan desde el 17 de abril. En primer lugar, desde mucho antes del 17 de abril, el TPI debió haber adjudicado esta controversia, pues las posturas de cada parte estaban ante el TPI desde el 11 de marzo. En segundo lugar, el trámite de referencia no tiene expediente físico, por lo cual la falta de acceso al Centro Judicial de forma alguna afecta la capacidad del TPI de realizar su trabajo en este caso. De todas maneras, la realidad es que equipo y expedientes físicos del Centro Judicial se han ido obteniendo según ha sido necesario, para su uso fuera de dichas facilidades. Incluso, la vista de desacato fue señalada por la vía de videoconferencia, por lo que, a dichos fines, tampoco tiene pertinencia la referida falta de acceso.

Por otra parte, tampoco podemos estar conformes con la determinación de señalar el caso para la próxima fecha disponible en calendario. El tribunal tiene la obligación de brindar un servicio adecuado y <u>oportuno</u> a la ciudadanía y, en ocasiones, la naturaleza de lo planteado requiere que el tribunal haga los ajustes que sean necesarios, en términos de calendario, para cumplir con dicha obligación.

IV.

Por lo anteriormente expuesto, se expide el auto de mandamus, y se ordena al Tribunal de Primera Instancia que, en o antes del 24 de mayo de 2024, resuelva la controversia en torno a quién le corresponde sufragar el gasto de la cafetería escolar de la hija de las partes.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones