Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| JOSÉ M. MARÍA FÉLIX<br><br>Recurrido<br><br>v.<br><br>ANA CASTRO TAVERAS<br><br>Peticionaria | KLRX202400020 | *Mandamus* procedente Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Núm. SJL121-2024-4504<br><br>Sobre:<br>Solicitud de Orden de Protección |
|---|---|---|

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Rodríguez Flores y el Juez Salgado Schwarz.

Sánchez Ramos, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 19 de diciembre de 2024

Se nos solicita expedir un auto de *mandamus* contra el Tribunal de Primera Instancia ("TPI") en atención a que dicho foro no señaló una vista en el término dispuesto por la ley aplicable. Como se explica en detalle a continuación, en esta etapa, y en el ejercicio de nuestra discreción, declinamos expedir el auto solicitado, pues el TPI re-señaló la vista para el 26 de diciembre (segundo día laborable luego de hoy), a lo cual la peticionaria no ha consignado objeción.

I.

El 4 de diciembre de 2024, el Sr. José M. María Félix (el "Promovente") presentó una *Petición de Orden de Protección para el Adulto Mayor* (la "Petición"), bajo la Ley 121-2019 ("Ley 121"), en contra de la Sa. Ana Castro Taveras (la "Vecina").

Ese mismo día, de manera *ex parte,* el TPI emitió la orden de protección solicitada.  Ello al concluir que la Vecina es "inquilina" del Promovente y que esta le "acusa de robarle a los vecinos y a los

---
[1] Mediante la OATA-2024-144 de 17 de diciembre de 2024, se modificó la composición del panel.

negocios", de haber "matado a su madre" y de haberle "dañ[ado] la nevera".  En lo pertinente, el TPI ordenó a la Vecina "desalojar la residencia que comparte [con el Promovente] y le prohib[ió] regresar a la misma".

El 9 de diciembre, la Vecina presentó una *Moción Urgente* (la "Moción").  Solicitó que se dejara sin efecto inmediatamente lo relacionado con el desalojo porque, como cuestión de derecho, ello no procedía bajo la Ley 121, ante el hecho de que la Vecina no comparte residencia con el Promovente, sino que le alquila "un espacio ubicado en la parte posterior de la casa … con entrada separada e independiente".  Señaló que el Promovente "usó sus 75 años para disfrazar un desahucio en una solicitud de orden de protección", pues el verdadero problema es que el Promovente interesaba aumentarle la renta a la Vecina.

Además, en la Moción, la Vecina señaló que, en cualquier caso, la Ley 121 obligaba al TPI a celebrar una vista a lo sumo 5 días luego de que se emita una orden *ex parte*; no obstante, la referida vista había sido señalada por el TPI para el 30 de enero de 2025, casi dos meses luego de emitida la orden *ex parte*.  8 LPRA sec. 1523.

El 11 de diciembre, la Vecina presentó el recurso que nos ocupa.  Solicitó que expidiéramos un auto de *mandamus,* pues el TPI no había cumplido con su deber de señalar una vista en el término provisto por ley.  Además, nos solicitó que dejáramos sin efecto parcialmente la orden *ex parte* con el fin de restaurar a la Vecina en la posesión de la residencia que ella le alquila al Promovente.

Mediante una Resolución de 12 de diciembre de 2024, le ordenamos al TPI que consignara su postura en cuanto al recurso de referencia.

El 16 de diciembre, el TPI compareció.  Indicó que, "por error clerical, se marcó en la orden de protección el desalojo de la parte

peticionada y por inadvertencia de la jueza que suscribe se firmó el documento así". Por tanto, el TPI dejó sin efecto el desalojo de la Vecina y, cónsono con ello, emitió una orden de protección enmendada. Además, el TPI citó a una vista para el 26 de diciembre de 2024, a las 9:00 am.

El 16 de diciembre, le ordenamos a la Vecina que informara "si aún tiene interés en continuar con el trámite del recurso de referencia y, de ser así, [mostrara] causa por la cual no debamos desestimar el recurso por academicidad".

El 17 de diciembre, la Vecina compareció. Indicó que tenía interés en continuar con el trámite del recurso porque no había "podido acceder a su residencia". Señaló que el TPI no ordenó que las llaves que se le incautaron a la Vecina le fueran devueltas. Aseveró que desconoce si los alguaciles tienen las llaves, o si estos las entregaron al Promovente. Consignó que el Promovente se ha negado a brindarle acceso a la residencia. Arguyó que el TPI debía "toma[r] las medidas necesarias para remediar[]" las consecuencias del error que admitió haber cometido.

No obstante, el 18 de diciembre, la Vecina compareció nuevamente e informó que había podido recuperar las llaves de su residencia y que, por lo tanto, el recurso se había tornado en académico.

II.

El "auto de *mandamus* es un recurso altamente privilegiado y discrecional que se expide para ordenar a cualquier persona natural, corporación o a un tribunal de inferior jerarquía que cumpla o ejecute un acto que forma parte de sus deberes y atribuciones". *AMPR v. Srio. Educación, E.L.A.*, 178 DPR 253, 263 (2010); Art. 649 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3421. El *mandamus* sólo puede utilizarse para exigir el cumplimiento de un deber "ministerial", es decir, tiene que ser un

deber impuesto por la ley, que no admite discreción en su ejercicio. *AMPR, supra*.

Por tratarse de un recurso extraordinario, el *mandamus* sólo procede luego de que se han agotado otros remedios existentes en ley.  Art. 651 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3423; *Álvarez de Choudens v. Tribunal*, 103 DPR 235, 242 (1975).  Ello pues "el objeto del auto no es reemplazar remedios legales sino suplir la falta de ellos". *AMPR*, 178 DPR a las págs. 266-67.

Por consiguiente, antes de comparecer al Tribunal, el peticionario debe demostrar que hizo un requerimiento previo al funcionario encargado, para que se cumpliera el deber ministerial reclamado. *Dávila v. Superintendente*, 82 DPR 264, 275 (1960). Además, la Regla 54 de Procedimiento Civil requiere que la solicitud sea juramentada. 32 LPRA Ap. V, R. 54.

Por su parte, la Regla 55(I) de nuestro Reglamento, dispone que "[e]n todo caso en que el Tribunal de Apelaciones considere que no se justifica el ejercicio de su jurisdicción, ordenará el traslado a la Sala del Tribunal de Primera Instancia que corresponda.  Tal orden no se considerará en forma alguna una adjudicación en los méritos". 4 LPRA Ap. XXII-B, R. 55(I).

III.

Ante los eventos posteriores a la presentación del recurso, y el reconocimiento por la Vecina de que dichos eventos hacen innecesaria la intervención de este Tribunal, se deniega la expedición del auto.

En cuanto se solicitó la pronta celebración de una vista, la realidad es que, luego de presentado el recurso, el TPI re-señaló la vista, anteriormente pautada para el 30 de enero, para el 26 de diciembre de este año y, en sus posteriores comparecencias, la Vecina no presentó objeción al respecto, por lo cual no es necesario intervenir con este asunto.

En cuanto se solicitó que dejáramos sin efecto el desalojo de la Vecina, esta controversia se ha tornado académica, pues ya el TPI reconoció que erró al ordenar el desalojo (y, de hecho, que esa nunca fue su intención) y, por tal razón, dejó sin efecto el referido desalojo, enmendando apropiadamente la orden de protección anteriormente emitida. Finalmente, la Vecina informó que, en efecto, ya pudo regresar a su residencia.

IV.

Por las razones antes expuestas, se deniega la expedición del auto solicitado.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones