Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel XII

| ASOCIACIÓN PUERTORRIQUEÑA DE PROFESORES UNIVERSITARIOS (APPU) EN REPRESENTACIÓN DE: DR. ERNESTO ALONSO RIVERA y DR. ERNESTO ALONSO RIVERA Peticionarios<br><br>v.<br><br>UNIVERSIDAD DE PUERTO RICO Peticionado | TA2026RE00004 | Recurso Extraordinario<br><br>Asunto: Auto de *"Mandamus"* contra la Universidad de Puerto Rico |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli

Adames Soto, Juez Ponente

### **RESOLUCIÓN**

En San Juan, Puerto Rico, a 30 de abril de 2026.

Comparece la Asociación Puertorriqueña de Profesores Universitarios (APPU), en representación del señor Ernesto Alonso Rivera (señor Alonso Rivera o recurrente), mediante *Auto de Mandamus,* solicitando que le ordenemos a la Universidad de Puerto Rico (UPR) a cumplir su deber ministerial de emitir una resolución final en el proceso administrativo que inició ante dicha institución hace varios años.

Sin embargo, la UPR nos ha planteado un asunto jurisdiccional, referente a la justiciabilidad del recurso ante nuestra consideración, que prima sobre cualquier otra consideración, al advertir que la controversia se ha tornado académica. En concreto, afirma que ya nombró a un Oficial Examinador para que cite al señor Alonso Rivera a una vista administrativa en la que se adjudique su reclamación, lo cual era precisamente el propósito que animó la presentación del *Auto de Mandamus* ante nuestra consideración.

La UPR tiene razón. No hay duda de que han acaecido cambios fácticos durante el trámite ante este foro intermedio que tornaron la

controversia a dirimir en académica, asumiendo la UPR su deber ministerial ante el reclamo del señor Alonso Rivera. Es decir, este Tribunal está impedido de conceder un *remedio* que ya está en curso, la dilucidación de la controversia presentada por el recurrente ante el foro administrativo pertinente.

## I. Resumen del tracto procesal

El asunto ante nuestra consideración inició el 13 de septiembre de 2023, cuando la señora Anaisa M. López Cedrés, en aquel entonces Decana Interina de la UPR, Recinto de Río Piedras, le envió al señor Alonso Rivera un *Informe de Investigación Querella 2019-0718-01 sobre Propiedad Damnificada, Desaparecida o Apropiada Ilegalmente* (*Informe*). En dicho *Informe*, se le atribuyó al señor Alonso Rivera una responsabilidad compartida por cierta propiedad desaparecida en el Departamento de Música, exigiéndosele pagar el cincuenta por ciento (50%) del costo de la pérdida, una cuantía total de treinta y un mil cuatrocientos cuarenta y cinco dólares con cincuenta y tres centavos ($31,445.53). Se incluyó una cláusula al final del *Informe* advirtiéndole al señor Alonso Rivera que podría radicar un escrito de apelación ante la Rectora, dentro de treinta (30) días laborables.

A tenor de esto último, el 10 de octubre de 2023, la APPU, en representación del señor Alonso Rivera, le envió un *Escrito de Apelación al amparo de la Certificación 138 de 1981-1982,* (*Escrito de Apelación*), a la señora Angélica Varela Llavona, Rectora Interina de la UPR, Recinto de Río Piedras. La APPU arguyó que la imputación del cincuenta por ciento (50%) de responsabilidad por la propiedad desaparecida era totalmente improcedente, por cuanto hacía mucho tiempo que el recurrente había renunciado a su puesto de director de Departamento, y en la aceptación a dicha renuncia la UPR había reconocido la corrección del inventario que tenía a su cargo.[1]

---

[1] *Escrito de Apelación al amparo de la Certificación 138 de 1981-1982,* Entrada 1 de SUMAC (TPI), Anejo 1, pág. 1.

Entonces, pasados varios años de instado el *Escrito de Apelación,* sin que el recurrente recibiera respuesta, el 10 de febrero de 2026, la APPU acudió ante nosotros, mediante escrito que intituló *Auto de Mandamus*, solicitando que le ordenáramos a la UPR a cumplir su deber ministerial de emitir una resolución final sobre el reclamo pendiente.

Estando ante nuestra consideración la referida petición, el 6 de marzo de 2026, la UPR compareció mediante *Moción de Desestimación*, aduciendo haberle cursado una comunicación al representante legal del señor Alonso Rivera, requiriendo cierta información, con el propósito de emitir una determinación sobre su caso. Por ello, afirmó estar cumpliendo con la obligación ministerial que procuraba el recurrente a través del *mandamus*, tornándose en académico el reclamo.

En desacuerdo, el recurrente instó moción en oposición a la solicitud de desestimación.

Más adelante, el 21 de abril de 2026, la UPR nuevamente acudió ante nosotros, mediante *Moción Suplementaria*, para informar lo siguiente:

> [E]l viernes 17 de abril de 2026, la Universidad notificó el nombramiento del Lcdo. Jorge Sosa como Oficial Examinador, quien próximamente citará al peticionario para la celebración de la vista administrativa en el caso. Razón por la cual es forzado concluir que la presente reclamación se ha tornado en académica, y que procede, como cuestión de estricto derecho, ordenar la desestimación de la misma.[2]

Con el beneficio de la comparecencia de las partes, disponemos del recurso ante nuestra consideración.

## II. Exposición de Derecho

### A. Justiciabilidad y Academicidad

El principio de justiciabilidad surge a base de consideraciones de índole constitucional y de autolimitación adjudicativa que exigen tener ante sí un caso y controversia real antes de ejercer el poder judicial. *ELA v. Aguayo,* 80 DPR 552, 558-559 (1958); *Ortiz v. Panel FEI,* 155 DPR 219, 251 (2001). Los tribunales solo podemos resolver aquellos casos que sean

---

[2] *Moción Suplementaria*, Entrada Núm. 12 de SUMAC (TA), pág. 2.

justiciables con controversias genuinas surgidas entre partes opuestas que tienen un interés real de obtener un remedio que haya de afectar sus relaciones jurídicas. *Torres Montalvo v. Gobernador*, 194 DPR 760, 766 (2016); *Lozada Sánchez et al. v. JCA*, 184 DPR 898, 917 (2012); *Asoc. Fotoperiodistas v. Rivera Schatz*, 180 DPR 920, 931 (2011).

La doctrina de justiciabilidad imprime en nuestro ordenamiento jurídico ciertas limitaciones al ejercicio judicial con el propósito de que los tribunales podamos determinar el momento oportuno para nuestra intervención. *Presidente de la Cámara v. Gobernador,* 167 DPR 149, 158 (2006). Así, se ha resuelto que para que una controversia sea justiciable se debe evaluar si es (1) tan definida y concreta que afecte las relaciones jurídicas entre las partes que tienen un interés jurídico antagónico; (2) que el interés sea real y sustancial y que permita un remedio específico mediante una sentencia de carácter concluyente; y, finalmente, (3) si la controversia es propia para una determinación judicial distinguiéndose de una disputa de carácter hipotético o abstracto, y de un caso académico o ficticio. *Asoc. Fotoperiodistas v. Rivera Schatz*, supra*,* pág. 932; *Noriega v. Hernández Colón,* 135 DPR 406, 421–422 (1994); *ELA v. Aguayo,* supra, pág. 584. Por el contrario, la doctrina sostiene que **no será justiciable aquella controversia** en **que**: (1) se trata de resolver una cuestión política; (2) una de las partes no tiene legitimación activa; (3) **es o se convierte en académica**; (4) se buscan obtener una opinión consultiva, o (5) se promueve un pleito que no está maduro. *Id.* (Énfasis suplido).

Conforme a lo anterior, la academicidad es una de las circunstancias que invocan a la autolimitación del poder judicial según el principio de justiciabilidad. Bajo este concepto se persigue: (1) evitar el uso inadecuado de recursos judiciales; (2) asegurar que haya suficiente adversidad para que las controversias se presenten y defiendan competente y vigorosamente; y (3) obviar precedentes innecesarios. *Asoc. Fotoperiodistas v. Rivera Schatz,* supra*; Torres Santiago v. Dpto. de Justicia,* 181 DPR 969, 982-983 (2010); *PNP v. Carrasquillo,* 166 DPR 70,

75 (2005); *CEE v. Depto. de Estado, 134 DPR* 927, 935–936 (1993). Al igual que el concepto de madurez, este se enfoca en el aspecto temporal de las controversias. Se sostiene que un caso se torna académico cuando se intenta obtener: (1) un fallo sobre una controversia disfrazada, que en realidad no existe; (2) una determinación de un derecho, antes de que haya sido reclamado; o (3) **una sentencia sobre un asunto que al dictarse no podrá tener efectos prácticos sobre una controversia existente**. *Asoc. Fotoperiodistas v. Rivera Schatz,* supra*; ELA v. Aguayo*, supra, pág. 584. (Énfasis suplido).

Cuando un tribunal atiende un planteamiento de academicidad, nuestro ordenamiento le impone la obligación de desestimar el recurso **si de los hechos o del derecho aplicable surge que las circunstancias han variado de tal forma que no existe una controversia vigente entre partes adversas que amerite su intervención**. *Torres Santiago v. Depto. Justicia,* supra*; Moreno v. Pres. UPR II*, 178 DPR 969, 974 (2010). (Énfasis suplido). Nuestro más alto foro ha expresado que "una controversia puede convertirse en académica cuando los cambios fácticos o judiciales acaecidos durante el trámite judicial torna en ficticia su solución, convirtiéndose así en una opinión consultiva sobre asuntos abstractos". *Asoc. Fotoperiodistas v. Rivera Schatz*, supra, pág. 933; *San Gerónimo Caribe Project v. ARPe*, 174 DPR 640*,* págs. 652–653; *Báez Díaz v. ELA*, 179 DPR 605 (2010). Por lo tanto, al evaluar el concepto de academicidad "hay que concentrarse en la relación existente entre los eventos pasados que dieron inicio al pleito y la adversidad presente". *PPD v. Gobernador I,* 139 DPR 643, 676 (1995). Así pues, un caso se convierte en académico cuando con el paso del tiempo su condición de controversia viva y presente se ha perdido. *Id.*

No obstante, la doctrina de academicidad reconoce varias excepciones en su aplicación cuando: (1) se presenta una controversia recurrente y capaz de evadir revisión judicial; (2) la situación de hechos ha sido modificada por el demandado, pero no tiene visos de permanencia;

(3) la controversia se ha tornado académica para el representante de una clase, pero no para otros miembros de la clase; y (4) persisten consecuencias colaterales que no se han tornado académicas. *Torres Santiago v. Dpto. de Justicia,* supra, págs. 982-983. Véase, además, *Asoc. Fotoperiodistas v. Rivera Schatz*, supra, pág. 933; *UPR v. Laborde*, 180 DPR 253, 281 (2010); *Cruz v. Adm. de Corrección*, 164 DPR 341 (2005). No obstante, si no estamos ante una de las excepciones antes mencionadas, el caso será académico y el tribunal revisor tiene el deber de desestimar el recurso apelativo.

### B. *Mandamus*

El *mandamus* es un recurso extraordinario que solo procede en situaciones excepcionales. El Artículo 649 del Código de Enjuiciamiento Civil lo define como un recurso altamente privilegiado dictado por un tribunal de justicia a nombre del Estado Libre Asociado de Puerto Rico y dirigido a alguna persona, corporación o tribunal de inferior jerarquía dentro de su jurisdicción, requiriéndole el cumplimiento de algún acto que está dentro de sus atribuciones o deberes ministeriales. 32 LPRA sec. 3421; *Kilómetro O, Inc. v. Pesquera López,* 207 DPR 200, 214 (2021); *Báez Galib y otros v. CEE II*, 152 DPR 382, 391-392 (2000).

El Artículo 650 del Código de Enjuiciamiento Civil dispone que el *mandamus* tiene el propósito de exigir el "cumplimiento de un acto que la ley particularmente ordena como un deber resultante de un empleo, cargo o función pública" de naturaleza ministerial. 32 LPRA sec. 3422. Esto se refiere a aquel deber que la ley impone, cuyo ejercicio no es discrecional, sino mandatorio e imperativo. *Noriega v. Hernández Colón*, 135 DPR 406, 448 (1994); *Álvarez de Choudens v. Tribunal Superior*, 103 DPR 235, 242 (1975). Ahora bien, el Artículo 651 del Código Enjuiciamiento Civil establece que **el recurso de *mandamus* solo procede cuando no exista otro remedio legal adecuado y eficaz en el curso ordinario de la ley**. 32 LPRA sec. 3423. (Énfasis suplido). Es decir,

su fin no es reemplazar remedios legales, sino suplirlos. *Derecho Procesal Civil* T. V, pág. 1553 (2ª ed. Publicaciones JTS 2011).

Por otra parte, la Sección 3.13(g) de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), Ley Núm. 38 de 30 de junio de 2017, según enmendada, dispone que "[t]odo caso sometido a un procedimiento adjudicativo ante una agencia deberá ser resuelto dentro de un término de seis (6) meses, desde su radicación, salvo en circunstancias excepcionales". 3 LPRA sec. 9653. Nuestro Tribunal Supremo ha manifestado que, ante el incumplimiento de una agencia con su deber de decidir expeditamente, la parte afectada tiene disponible como remedio la presentación de un *mandamus* ante el foro judicial o una moción de desestimación ante la agencia concernida. *UPR de Aguadilla v. Lorenzo Hernández*, 184 DPR 1001, 1009-1010 (2012); *Lab. Inst. Med. Ava. v. Lab. C. Borinquen*, 149 DPR 121, 136 (1999).

### c. Desestimación por academicidad

La Regla 83 del Reglamento del Tribunal de Apelaciones dispone que "el Tribunal de Apelaciones, a iniciativa propia, **podrá desestimar** un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente". 4 LPRA Ap. XXII-A, R. 83(C). (Énfasis suplido). A tales efectos, el inciso (B) de la citada regla establece los siguientes motivos:

(1) Que el Tribunal de Apelaciones carece de jurisdicción;
(2) Que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;
(3) Que no se ha presentado o proseguido con diligencia o de buena fe;
(4) Que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;
(5) Que **el recurso se ha convertido en académico**. (Énfasis suplido).

## III. Aplicación del Derecho a los hechos

Sin tener necesidad de abordar si el recurrente cumplió con todos los requisitos formales que acompañan la presentación de un *mandamus*, lo cierto es que en este caso la solicitud que se nos hizo a través de dicho

recurso fue puntual, que la UPR resuelva el *Escrito de Apelación* instado el 10 de octubre de 2023. Con mayor especificidad, el recurrente acude ante este foro intermedio solicitando como remedio que ordenemos a la UPR a emitir una resolución final acerca de la impugnación que hiciera sobre el pago que se le exigió por el costo de cierto equipo de música perdido.

No obstante, lo cierto es que, durante el trámite del asunto ante nuestra consideración, han acaecido unos cambios fácticos que tornaron en académica tal solicitud de *mandamus. Asoc. Fotoperiodistas v. Rivera Schatz,* supra. Según ha expresado la UPR en sus comparecencias, ya designó a un Oficial Examinador para citar al recurrente a una vista administrativa en la que dilucidar la controversia pendiente.

Precisamente, el propósito del recurso de *mandamus* en este caso era lograr que la UPR atendiera y resolviera el *Escrito de Apelación* que instó el señor Alonso Rivera ante dicha institución educativa. Por tanto, el remedio que pudiésemos conceder, de acceder a dicha solicitud, es el de ordenar a la UPR a que inicie el proceso administrativo interno correspondiente para considerar y resolver el referido *Escrito de Apelación.*

No obstante, el hecho de que, pendiente a resolver el *mandamus* la UPR hubiese iniciado el proceso para dilucidar el *Escrito de Apelación,* (determinando pautar la celebración de una vista administrativa para tal propósito), convierte nuestra intervención en redundante, o nos priva de un remedio a conceder. Es decir, la acción de la UPR descrita contiene el remedio que hubiésemos podido conceder, y de aquí que la controversia se tornara en académica, *ergo,* no justiciable. Según resaltamos en la exposición de derecho, este tribunal solo puede conceder un recurso de *mandamus* cuando no exista otro remedio legal adecuado y eficaz en el curso ordinario de la ley. Además, estamos llamados a no intervenir en una controversia cuando su condición como tal se ha perdido, o no se encuentra viva. Más aún, se nos impone eludir el dictar sentencia cuando

esta dejase de tener un efecto práctico sobre la controversia presentada. *Asoc. Fotoperiodistas v. Rivera Schatz,* supra.

**IV. Parte dispositiva**

Por los fundamentos expuestos, desestimamos el recurso de *mandamus* presentado por la APPU, al tornarse en no justiciable, por académico.

Lo acordó y manda el Tribunal y lo certifica su Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones