Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| ZULEYKA RODRÍGUEZ ROSARIO<br><br>Peticionaria<br><br>v.<br><br>TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE CAGUAS; HONORABLE ISANDER J. RIVERA MORALES<br><br>Recurrido | KLRX202400017 | *Mandamus* procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Caso núm.:<br>E CU2017-0153<br><br>Sobre:  Custodia |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

Sánchez Ramos, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 12 de noviembre de 2024.

La promovente de una solicitud de autorización al Tribunal de Primera Instancia ("TPI") para mudar fuera de Puerto Rico a una hija menor de edad nos solicita que expidamos un auto de *mandamus* con el fin de ordenarle a dicho foro que resuelva el referido asunto. Según se explica a continuación, concluimos que la controversia se ha tornado académica porque, luego de presentado el recurso, el TPI adjudicó la solicitud que estaba pendiente.

I.

El 21 de octubre de 2024, la Sa. Zuleyka Rodríguez Rosario presentó el recurso que nos ocupa.  Alegó que en enero de 2019 presentó ante el TPI "una solicitud de relocalización" de una menor de edad (la "Solicitud").  Sostuvo que, luego de presentados los informes pertinentes, en agosto y septiembre de 2021, se celebró una vista evidenciaria de impugnación de los mismos.  Afirmó que, al presentarse el recurso, el TPI no había adjudicado la Solicitud, a

pesar de que el asunto estaba perfeccionado desde hacía varios años.

El 23 de octubre, le ordenamos al TPI que mostrara causa por la cual no debíamos expedir el auto solicitado.

Oportunamente, el TPI compareció e informó que había adjudicado la Solicitud. En efecto, este Tribunal pudo constatar que, el 30 de octubre, el TPI resolvió la Solicitud mediante una Resolución de 22 páginas.

II.

El "auto de *mandamus* es un recurso altamente privilegiado y discrecional que se expide para ordenar a cualquier persona natural, corporación o a un tribunal de inferior jerarquía que cumpla o ejecute un acto que forma parte de sus deberes y atribuciones". *AMPR v. Srio. Educación, E.L.A.*, 178 DPR 253, 263 (2010); Art. 649 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3421. El *mandamus* sólo puede utilizarse para exigir el cumplimiento de un deber "ministerial", es decir, tiene que ser un deber impuesto por la ley, que no admite discreción en su ejercicio. *AMPR, supra.*

Ahora bien, por tratarse de un recurso extraordinario, el *mandamus* sólo procede luego de que se han agotado otros remedios existentes en ley. Art. 651 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3423; *Álvarez de Choudens v. Tribunal*, 103 DPR 235, 242 (1975). Ello pues "el objeto del auto no es reemplazar remedios legales sino suplir la falta de ellos". *AMPR*, 178 DPR a las págs. 266-67. Por consiguiente, antes de comparecer al Tribunal, el peticionario debe demostrar que hizo un requerimiento previo al funcionario encargado, para que se cumpliera el deber ministerial reclamado. *Dávila v. Superintendente*, 82 DPR 264, 275 (1960). Además, la Regla 54 de Procedimiento Civil requiere que la solicitud sea juramentada. 32 LPRA Ap. V, R. 54.

III.

Concluimos que procede denegar la expedición del auto solicitado, pues la controversia subyacente advino académica cuando el TPI, luego de presentado el recurso, adjudicó la Solicitud. Adviértase que los tribunales solamente podemos evaluar aquellos casos que son justiciables. *Asoc. Fotoperiodistas v. Rivera Schatz*, 180 DPR 920 (2011). Un caso se torna académico cuando la cuestión en controversia sucumbe ante el paso del tiempo, ya sea porque ocurrieron cambios en los hechos o el derecho, y la misma se vuelve inexistente. *IG Builders et al. v. BBVAPR*, 185 DPR 307 (2012); *U.P.R. v. Laborde Torres y otros I,* 180 DPR 253 (2010); *Emp. Pur. Des., Inc. v. H.I.E.Tel.*, 150 DPR 924 (2000).

IV.

Por los fundamentos anteriormente expuestos, se deniega la expedición del auto solicitado.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones