Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel XII

| | | |
|---|---|---|
| JULIA FELIZ BARRERA<br>Querellante-Recurrente<br><br>v.<br><br>CARLOS ZAPATA QUINTERO H/N/C KINGS CONSTRUCTION AND ALL REPAIRS<br>Querellado<br><br>Departamento de Asuntos del Consumidor (DACO)<br>Recurrido | TA2025RA00390 | *Revisión Judicial* procedente del Departamento de Asuntos del Consumidor<br><br>Querella Núm. ARE-2025-0006793<br><br>Sobre: Incumplimiento de Contrato de Obra (Construcción), Daños y Perjuicios |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli

Adames Soto, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de diciembre de 2025.

Comparece *pro se* y *en forma pauperis* la señora Julia Feliz Barrera (señora Feliz Barrera o recurrente), mediante recurso de revisión judicial, solicitando que *asumamos jurisdicción* sobre la querella que presentó ante el Departamento de Asuntos del Consumidor (DACo), por causa de la inacción de dicha agencia en resolverla.

Son varias las razones por las que corresponde desestimar el recurso presentado, según a continuación explicaremos.

**I. Resumen del tracto procesal**

A partir de la información que incluyó la propia recurrente en el recurso ante nuestra consideración, el 18 de enero de 2025 instó una querella ante el DACo, dirigida en contra del señor Carlos A. Zapata, haciendo negocios como King Construction & All Repairs. En síntesis, le imputó a este último incumplimiento contractual, daño estructural, riesgo eléctrico y daños múltiples en su vivienda.

A raíz de ello, el DACo le notificó a la señora Feliz Barrera haber recibido la reclamación, e indicó que pronto actuaría sobre ella.

Sin embargo, la recurrente aduce que, transcurridos los términos legales y reglamentarios para que la agencia administrativa hubiese adjudicado la querella, no la ha resuelto, sino que sigue posponiendo una determinación final.

Ante la presunta inacción del DACo descrita, la señora Feliz Barrera acude ante nosotros solicitando los siguientes remedios:

1. Expedir el auto de revisión judicial por inacción al amparo de la Ley de Procedimiento Administrativo Uniforme.
2. Determinar que el DAC[o] perdió jurisdicción efectiva debido a la dilación extrema de 331 días, la falta de adjudicación, el trato desigual y las violaciones reglamentarias documentadas.
3. Ordenar a DAC[o] remitir el expediente administrativo completo dentro de un término no mayor de cuarenta y ocho (48) horas.
4. Asumir jurisdicción directa sobre la querella ARE-2025-0006793 y proceda a emitir la determinación final que DAC[o] ha rehusado emitir.
5. Conceder cualesquiera otros remedios que este Honorable Tribunal estime justos y necesarios.[1]

Al poco tiempo de la parte recurrente haber presentado el recurso de revisión judicial ante nuestra consideración, también instó una *Moción informativa y para someter evidencia superveniente*, en la que, en lo pertinente, informó que, **luego de presentarse el recurso de revisión judicial ante nosotros, el DACo emitió una *Resolución final* en la Querella presentada**.

**II. Exposición de Derecho**

**A. Jurisdicción**

La jurisdicción se ha definido como el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Allied Management Group, Inc. v. Oriental Bank*, 204 DPR 372, 385 (2020) (Resolución); *Yumac Home v. Empresas Massó*, 194 DPR 96, 103 (2015); *Horizon Media v. Jta. Revisora, RA Holdings*, 191 DPR 228, 233 (2014). Tanto los foros de instancia como los foros apelativos tienen el

---

[1] *Recurso de Revisión Judicial por Inacción y Solicitud de Asunción de Jurisdicción*, Entrada 1 de SUMAC (TA), págs. 4-5.

deber de, primeramente, analizar en todo caso si poseen jurisdicción para atender las controversias presentadas, puesto que los tribunales estamos llamados a ser fieles guardianes de nuestra jurisdicción, incluso cuando ninguna de las partes invoque tal defecto. *Horizon Media v. Jta. Revisora, RA Holdings*, supra, pág. 234; *Shell v. Srio. Hacienda*, 187 DPR 109, 122-123 (2012). Ello responde a que las cuestiones jurisdiccionales son materia privilegiada y deben resolverse con preferencia a los demás asuntos. *Mun. San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014); *García v. Hormigonera Mayagüezana*, 172 DPR 1, 7 (2007).

Cónsono con lo hasta aquí expresado, pero en el ámbito administrativo en particular, ha sido manifestado que la jurisdicción es el poder o la autoridad que ostenta un tribunal u organismo administrativo para considerar las controversias presentadas ante su consideración. *A.A.A. v. U.I.A.*, supra, págs. 654-655 (2018). Los organismos administrativos, así como **los foros judiciales**, **no tienen discreción para asumir jurisdicción donde no la hay**. *DACo v. AFSCME*, 185 DPR 1, 12 (2012). (Énfasis provisto).

### B. Revisión Judicial de Decisiones Administrativas

El Art. 4.002 de la Ley Núm. 201-2003, Ley de la Judicatura del Estado libre Asociado de Puerto Rico, según enmendada, dispone que el Tribunal de Apelaciones revisará, como cuestión de derecho, **las decisiones <u>finales</u> de los organismos y agencias administrativas** que hayan sido tramitadas conforme con las disposiciones de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU). Art. 4.002 de la Ley Núm. 201-2003, 4 LPRA sec. 24(u). (Énfasis y subrayado provistos).

Cónsono con lo anterior, la Ley Núm. 38-2017, la Sección 4.2 de la LPAU dispone que **solamente las órdenes o resoluciones finales dictadas por las agencias** o funcionarios administrativos **pueden ser**

**revisadas judicialmente**. (Énfasis suplido). La sección aludida establece, en lo pertinente, lo siguiente:

> Una parte adversamente afectada **por una orden o resolución final de una agencia** que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha de archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la sec. 9655 de este título, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. 3 LPRA sec. 9672.

Por esto, nuestro Tribunal ha reconocido que la sección citada de la LPAU limitó la revisión judicial de decisiones administrativas a aquellas instancias que cumplan con dos requisitos, a saber: (1) **que se trate de órdenes o resoluciones finales** y (2) que la parte que solicita la revisión haya agotado todos los remedios provistos por la agencia administrativa. *A.A.A. v. U.I.A.*, 200 DPR 903, 912, (2018). La *orden o resolución final* ha sido definida como "aquella determinación de la agencia administrativa que pone fin a los procedimientos en un foro determinado y tiene un efecto sustancial para las partes". *Id.*, a la pág. 913.

### C. *Mandamus*

El *mandamus* es un recurso extraordinario que solo procede en situaciones excepcionales. El artículo 649 del Código de Enjuiciamiento Civil lo define como un recurso altamente privilegiado, dictado por un tribunal de justicia a nombre del Estado Libre Asociado de Puerto Rico, y dirigido a alguna persona, corporación o tribunal de inferior jerarquía dentro de su jurisdicción, requiriéndole el cumplimiento de algún acto que está dentro de sus atribuciones o deberes ministeriales. 32 LPRA sec. 3421; *Kilómetro O, Inc. v. Pesquera López,* 207 DPR 200, 214 (2021); *Báez Galib y otros v. C.E.E. II,* 152 DPR 382, 391-392 (2000).

El *mandamus* tiene el propósito de intimar "al cumplimiento de un acto que la ley particularmente ordena como un deber resultante de un empleo, cargo o función pública", y que sea de naturaleza ministerial.  Art.

650 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3422. Es decir, aquel deber que la ley impone, cuyo ejercicio no sea discrecional, sino mandatorio e imperativo. *Noriega v. Hernández Colón*, 135 DPR 406, 448 (1994); *Álvarez de Choudens v. Tribunal Superior*, 103 DPR 235, 242 (1975). Ahora bien, el recurso de *mandamus* solo procede cuando no exista otro remedio legal adecuado y eficaz en el curso ordinario de la ley. Art. 651 del Código Enjuiciamiento Civil, 32 LPRA sec. 3423. Esto es, su fin no es reemplazar remedios legales, sino suplirlos. *Derecho Procesal Civil* T. V, pág. 1553 (2ª ed. Publicaciones JTS 2011).

**Como requisito de forma, se requiere que la petición esté juramentada por la parte que promueve su expedición**. Así lo establece la Regla 54 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 54, que, en lo pertinente, dispone que "el auto de *mandamus*, tanto perentorio como alternativo, podrá obtenerse presentando una **solicitud jurada** al efecto". (Énfasis provisto).

Sobre esto último, nuestro Tribunal Supremo de Puerto Rico ha pronunciado que "[l]os juramentos son actos solemnes que deben realizarse conscientemente, dándose cuenta su autor de la responsabilidad que contrae, y **que deben hacerse constar en forma clara y precisa y no de modo vago e indeterminado**". *Pérez v. El Consejo Ejecutivo de P.R.*, 16 DPR 712, 714 (1910).

Por otra parte, la Sección 3.13(g) de la LPAU, 3 LPRA sec. 9653, dispone que "[t]odo caso sometido a un procedimiento adjudicativo ante una agencia deberá ser resuelto dentro de un término de seis (6) meses, desde su radicación, salvo en circunstancias excepcionales". 3 LPRA sec. 9653. Nuestro Tribunal Supremo ha manifestado que, ante el incumplimiento de una agencia con su deber de decidir expeditamente, la parte afectada tiene disponible como remedio la presentación de un *mandamus* ante el foro judicial, o una moción de desestimación ante la agencia concernida. *U.P.R. de Aguadilla v. Lorenzo Hernández*, 184 DPR

1001, 1009-1010 (2012); *Lab. Inst. Med. Ava. v. Lab. C. Borinquen,* 149 DPR 121, 136 (1999). (Énfasis suplido).

### D. Desestimación

La Regla 83 de nuestro Reglamento establece las circunstancias en que **este foro intermedio puede desestimar un recurso presentado**. En lo que resulta pertinente al caso ante nuestra consideración, establece:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso **por los motivos siguientes:**
> (1) **que el Tribunal de Apelaciones carece de jurisdicción**;
> [...]
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente. *Íd.* (Énfasis suplido y texto omitido del original).

> Regla __ del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, Pág. __, 215 DPR __ (2025).

## III. Aplicación del Derecho a los hechos

Según adelantamos, son varias las razones que nos impiden considerar el recurso de revisión judicial instado por la parte recurrente, como expondremos a renglón seguido.

En primer lugar, al momento en que fue presentado el recurso de revisión judicial no teníamos ante nosotros una *orden o resolución final* dictada por el DACo de la cual se pudiera recurrir. Según explicitamos en la exposición de derecho, este foro intermedio solo tiene jurisdicción sobre tales órdenes o resoluciones administrativas cuando sean finales.

Por otra parte, no hay duda de que nuestro Tribunal Supremo ha reconocido el uso del *mandamus* como herramienta para solicitar que le ordenemos a una agencia administrativa cumplir con sus deberes ministerial, entre los que se encuentran la adjudicación oportuna de las controversias ante su atención. *U.P.R. de Aguadilla v. Lorenzo Hernández,* supra. En este este sentido, y por cuanto *el nombre no hace la cosa*, bien hubiéramos podido acoger el recurso instado por la recurrente como uno de *mandamus,* en lugar de un recurso de revisión judicial, de haber cumplido dicha parte con los requisitos exigidos para tal recurso.

No obstante, estamos impedidos de obrar así, por cuanto es un requisito de estricto cumplimiento en la presentación del recurso de *mandamus* el que sea juramentado, y aquí no medió tal juramento. Es decir, para colocarnos en posición de estimar el recurso presentado como un *mandamus*, la recurrente estaba llamada a presentarlo con la debida juramentación, pero no lo hizo, y tal omisión nos priva de conceder cualquier remedio allí solicitado.

Finalmente, la controversia también tornó en académica, justo en el momento en que el DACo adjudicó la controversia que precisamente nos solicitó la recurrente que ordenáramos resolviera. Sobre ello nuestro Tribunal Supremo ha advertido que una controversia puede convertirse en académica "cuando los cambios fácticos o judiciales acaecidos durante el trámite judicial torna en ficticia su solución, convirtiéndose así en una opinión consultiva sobre asuntos abstractos". *Asoc. de Fotoperiodistas v. Rivera Shatz,* 180 DPR 920, 932-933 (2011).

Por lo explicado, se nos impone desestimar el recurso de revisión judicial presentado.

No obstante, sepa la parte recurrente que no quedaría desprovista de una oportunidad para cuestionar la Resolución final recién emitida por DACo, pues podría presentar un nuevo recurso de revisión judicial, si cumple con los términos provistos para ello.

**IV. Parte dispositiva**

Por los fundamentos que anteceden, *desestimamos* el recurso de revisión judicial presentado.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones