Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| GERALDO BRUNO ALGARÍN<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | TA2025RA00373 | *Revisión Administrativa* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm. KBD2024G0076<br><br>Sobre: *Mandamus* |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Domínguez Irizarry, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 14 de enero de 2026.

El peticionario, el señor Geraldo Bruno Algarín, comparece ante nos mediante el presente recurso de *mandamus*, en el cual solicita que se ordene al Departamento de Corrección y Rehabilitación (DCR) a revisar y evaluar su expediente, a fin de que se emita una decisión. Además, solicita que este Tribunal instruya a la agencia a escucharlo y a atender los reclamos formulados.

Por los fundamentos que expondremos a continuación, se desestima el presente recurso de *mandamus*.

**I**

El 14 de noviembre de 2025, el peticionario compareció ante este Tribunal mediante la presentación del presente recurso de *mandamus* y solicitó que se ordenara al Departamento de Corrección y Rehabilitación a revisar y evaluar su expediente para que tomara una decisión en cuanto a su solicitud de participar de un programa de desvío. Además, solicitó que se instruyera a la agencia a atender los reclamos formulados por su parte, a fin de que

tuviera la oportunidad de mostrar su arrepentimiento y, además, demostrar que se encontraba rehabilitado.[1]

Luego de varios trámites procesales, innecesarios de pormenorizar, mediante *Resolución* emitida el 15 de diciembre de 2025, este Tribunal concedió a la parte recurrida un término hasta el 7 de enero de 2026 para presentar su posición en cuanto al recurso.

En cumplimiento, el 7 de enero de 2026, el Departamento de Corrección y Rehabilitación, representado por la Oficina del Procurador General de Puerto Rico, compareció ante este Tribunal mediante la presentación de una *Solicitud de Desestimación.* En dicho escrito, por entender que el recurso presentado por el peticionario era una revisión judicial administrativa, sostuvo que el trámite administrativo no había culminado y que la determinación del DCR en cuanto a la solicitud del peticionario de participar de un programa de desvío, no constituía una decisión final para propósitos de revisión judicial. En consecuencia, solicitó la desestimación del recurso por falta de jurisdicción.

## II

## A

La expedición del auto de *mandamus* es un recurso extraordinario altamente privilegiado y discrecional, cuya expedición persigue ordenar, a determinada persona natural, corporación, o tribunal de inferior jerarquía, el cumplimiento o la ejecución de algún acto propio a sus deberes y atribuciones. Artículo 649 del Código de Enjuiciamiento Civil de Puerto Rico, 32 LPRA sec.

---

[1] Surge del expediente ante nuestra consideración que, el 27 de octubre de 2025, el Departamento de Corrección y Rehabilitación notificó al peticionario que posponía la emisión de una determinación relacionada con su solicitud para participar de un programa de desvío, al requerirse una evaluación del Comité de Derechos de las Víctimas, conforme a lo dispuesto en el Plan de Reorganización Núm. 2 del Departamento de Corrección y Rehabilitación, aprobado el 21 de noviembre de 2011.

3421; *Kilómetro O v. Pesquera López* et al., 207 DPR 200, 214 (2021); *AMPR v. Srio. Educación, E.L.A.*, 178 DPR 253, 263 (2010); *Noriega v. Hernández Colón,* 135 DPR 406, 447 (1994). El referido mecanismo resulta idóneo para exigir la realización de una obligación impuesta por ley, siempre que no exista otro remedio a tal fin. Sin embargo, la misma debe ser una de naturaleza *ministerial,* calificación que implica la inadmisibilidad de discreción alguna en su ejercicio. *Álvarez de Choudens v. Tribunal Superior,* 103 DPR 235, 242 (1975). Así, el deber de que trate tiene que ser uno mandatorio e imperativo. *AMPR v. Srio. Educación, E.L.A.,* supra, pág. 263.   De este modo, su ejecución debe ser una claramente definida, es decir, que "la ley no sólo debe autorizar, sino exigir la acción requerida." *Id.,* pág. 264, citando a R. Hernández Colón, *Derecho Procesal Civil*, 4ta ed., San Juan, Ed. LexisNexis de Puerto Rico, 2007, pág. 477.

El recurso discrecional de *mandamus* está disponible, no para reemplazar los remedios legales alternos que provean para lo solicitado, sino para suplir la falta de los mismos. *AMPR v. Srio. Educación, E.L.A.,* supra, págs. 266-267. Así pues, en la consideración de la referida tarea adjudicativa, el tribunal competente debe considerar lo siguiente: 1) el posible impacto que pueda tener sobre los intereses públicos involucrados; 2) evitar una intromisión indebida en los procedimientos del poder ejecutivo y; 3) que el auto no se preste a confusión o perjuicios de los derechos de terceros. *Íd,* a la página 268*; Báez Galib y otros v. CEE II*, 152 DPR 382, 392 (2000).

Ahora bien, en lo aquí pertinente, destacamos que su eficacia jurídica está supeditada al cumplimiento de ciertos requisitos de forma y contenido debidamente estatuidos en el ordenamiento jurídico. Al respecto, la Regla 54 de Procedimiento Civil, 32 LPRA Ap. V, R. 54, dispone como sigue:

El auto de *mandamus* tanto perentorio como alternativo, podrá obtenerse presentando una solicitud jurada al efecto. Cuando se solicite dicho remedio y el derecho a exigir la inmediata ejecución de un acto sea evidente y aparezca que no se podrá dar ninguna excusa para no ejecutarlo, el tribunal podrá ordenar perentoriamente la concesión del remedio; de otro modo, ordenará que se presente una contestación y tan pronto sea conveniente, celebrará una vista, recibiendo prueba, si es necesario, y dictará su decisión prontamente. Se obtendrá el cumplimiento de las órdenes dictadas por el tribunal del mismo modo en que se exige el cumplimiento de cualquier otra orden.

Por su parte, como regla general, previo a acudir al tribunal mediante el mecanismo de *mandamus*, la parte interesada debe haber interpelado al funcionario responsable de cumplir la obligación ministerial que se exige. *Bhatia Gautier v. Gobernador*, 199 DPR 59, 75 (2017); *AMPR v. Srio. Educación, E.L.A.,* supra.

**B**

Por otra parte, en el ámbito que atendemos, sabido es que la *revisión judicial* constituye el remedio exclusivo para auscultar los méritos de una determinación administrativa. Conforme lo dispuesto en la Sección 4.2 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley 38-2017:

Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. [...].

3 LPRA sec. 9672.

En armonía a lo anterior, la Regla 57 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 79, 215 DPR __ (2025), establece igual término para la formalización de un recurso de revisión judicial, disponiéndose

que el mismo es de carácter jurisdiccional, no susceptible a interrupción.

**III**

De inicio, es necesario destacar que en el recurso que nos ocupa no concurren los criterios que exige nuestro ordenamiento para la expedición del auto extraordinario de *mandamus*. En primer lugar, el peticionario incumplió con los requisitos formales indispensables para la procedencia de dicho remedio, toda vez que la solicitud presentada no fue juramentada, en contravención a lo dispuesto por la Regla 54 de Procedimiento Civil, 32 LPRA Ap. V, R. 54. En segundo lugar, del expediente no surge que el peticionario haya interpelado previamente al funcionario o a la entidad responsable de cumplir con la alegada obligación ministerial que pretende compeler. Finalmente, el peticionario tampoco ha demostrado la existencia de un deber ministerial claro, específico y no discrecional cuya ejecución pueda ser ordenada por este Tribunal mediante el mecanismo del *mandamus*.

Por otra parte, aun si acogemos el presente recurso como una revisión administrativa, resulta patente que el mismo fue presentado de manera prematura. En efecto, el trámite administrativo iniciado por el peticionario ante el Departamento de Corrección y Rehabilitación no ha concluido con una determinación final susceptible de revisión judicial. De los propios documentos acompañados al recurso surge que la actuación administrativa a la que alude el peticionario es de naturaleza interlocutoria, mediante la cual el Departamento de Corrección y Rehabilitación pospuso la emisión de una decisión final respecto a su solicitud de participar de un programa de desvío, a la espera de la correspondiente evaluación del Comité de Derechos de las Víctimas, conforme al Plan de Reorganización Núm. 2 del Departamento de Corrección y Rehabilitación. Así pues, el peticionario acudió indebidamente al

foro judicial sin permitir que la agencia, en el ejercicio de sus facultades y responsabilidades como custodio del confinado, completara el proceso administrativo correspondiente y adoptara una determinación final sobre la solicitud presentada.  En ausencia de una decisión administrativa final, este Tribunal carece de jurisdicción para atender el reclamo formulado.

**IV**

Por los fundamentos antes expuestos, desestimamos el auto de *mandamus* por incumplir con los requisitos esenciales para su presentación.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones