Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| MARIANO MALDONADO PAGÁN<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrida | TA2026RA00035 | Revisión administrativa procedente del Departamento de Corrección y Rehabilitación |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 26 de enero de 2026.

Vale recordar que la jurisdicción es "el poder o autoridad con que cuenta un tribunal para considerar y decidir los casos y las controversias". *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020) (citando a *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019)). En función de ello, los tribunales deben constatar su jurisdicción y carecen de discreción para asumirla si no la poseen. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374 (2020) (citando a *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239 (2012); *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007)). Como consecuencia, cuando un tribunal determina que carece de jurisdicción, lo único que puede hacer es declararlo y desestimar el caso. *Cancel Rivera v. González Ruiz*, 200 DPR 319 (2018). Una sentencia dictada

sin jurisdicción es nula en derecho y se considera inexistente. *Shell v. Srio. Hacienda*, 187 DPR 109 (2012). Ante dicho escenario, la Regla 83 del *Reglamento del Tribunal de Apelaciones* contempla la desestimación o denegación de un recurso por carecer de jurisdicción para atenderlo en sus méritos. Véase Regla 83(B) y (C) del Tribunal de Apelaciones (4 LPRA Ap. XXII-B).

Por su parte, el auto de *mandamus* es un recurso altamente privilegiado y solamente se dirigirá a cualquier persona que esté obligada al cumplimiento de un acto que la ley ordene como un deber. *Álvarez de Choudens v. Tribunal Superior*, 103 DPR 235 (1975). Más aun, la solicitud perentoria de un *mandamus* procede cuando el derecho a exigir la inmediata ejecución de un acto sea evidente y no haya alguna excusa para no ejecutarlo. Íd. Véase Regla 54 de Procedimiento Civil de 2009 (32 LPRA Ap. V). A esos efectos, toda petición de esta índole deberá contener (1) las citas de las disposiciones legales que establecen la jurisdicción del tribunal y la Región Judicial a la que corresponde; (2) un breve resumen de los hechos; (3) un señalamiento breve y conciso de las controversias de derecho planteadas en la petición y las disposiciones de la ley y de la jurisprudencia aplicables; (4) un argumento de las controversias planteadas; y (5) la súplica. Regla 55(A) del Tribunal de Apelaciones, *supra*.

En el presente caso, este Tribunal carece de jurisdicción para atender la controversia planteada. Además de la omisión de incluir la mayoría de la información requerida por nuestro Reglamento, el recurrente también pide que ordenemos al Secretario del Departamento de Corrección y Rehabilitación que conteste a una carta enviada por este. Al no existir alguna ley que obligue a dicho Secretario responder

a una supuesta misiva, el recurso de *mandamus* perentorio es inválido y, por tanto, carecemos de la jurisdicción para atenderlo.

Por los fundamentos expresados, desestimamos el recurso.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones