Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| CARLOS R. DÍAZ PIZARRO<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | TA2026RA00024 | *Revisión Administrativa* procedente del Departamento de Corrección y Rehabilitación<br><br>Sobre: *Mandamus*<br><br>Solicitud Núm. GMA500-1433-23 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Domínguez Irizarry, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de enero de 2026.

El peticionario, el señor Carlos R. Díaz Pizarro, comparece ante nos mediante el presente recurso de *mandamus,* en el cual solicita que se ordene al Departamento de Corrección y Rehabilitación de Puerto Rico, a la División de Remedios Administrativos y al Departamento de Hacienda de Puerto Rico, a que le hagan entrega del cheque de estímulo económico, concedido a raíz de la pandemia del COVID-19, bajo la ley federal *Coronavirus Aid, Relief and Economic Security Act,* 15 USCA sec. 9041*, et seq* (en adelante, por sus siglas, "CARES Act").

Por los fundamentos que expondremos a continuación, se deniega el presente recurso de *mandamus.*

**I**

Del presente recurso de *mandamus* y de los documentos que lo acompañan, surge que el peticionario, quien es miembro de la población correccional, acudió ante la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación de Puerto Rico, mediante la presentación de múltiples solicitudes,

todas dirigidas a reclamar el pago del incentivo económico federal aprobado al amparo del CARES Act. En respuesta, la agencia le informó y explicó que el Departamento de Corrección y Rehabilitación no tenía injerencia sobre los procesos de solicitud, evaluación o concesión de dichos estímulos económicos, y que su participación en el acuerdo colaborativo interagencial se limitó exclusivamente a suministrar al Departamento de Hacienda los formularios debidamente firmados por los miembros de la población correccional para el trámite correspondiente. Asimismo, se le aclaró que cualquier gestión relacionada con el reclamo del incentivo debía realizarse directamente ante el Departamento de Hacienda, a través de un familiar y/o persona de confianza debidamente autorizada, conforme a las instrucciones impartidas por dicha agencia.

Conviene detallar que, en el recurso que nos ocupa, el peticionario no recurre de una determinación específica emitida por la agencia administrativa, sino que comparece ante este Foro solicitando la expedición del auto de *mandamus* para que se ordene el cumplimiento de alegados deberes ministeriales. No obstante lo anterior, en su recurso señala la comisión de los siguientes errores:

> Erró la Administración del Departamento de Corrección y Rehabilitación y el Departamento de la Administración de Remedios Administrativos y Resolución de Conflictos al no seguir con las normas y las reglas establecidas en sus Reglamentos.

> Erró la Administración del D.C.R., la Unidad del C.C.T. y la Administración de R.A.R.C. de las instituciones Guayama, Anexo 500, y Bayamón, Anexo 501, al no cumplir con sus normas establecidas en las reglas de sus propios Reglamentos y con los deberes ministeriales para los M.P.C.

> Erró la Administración del D.C.R, la Unidad del Comité C.T., la Administración de R.A.R.C., al pasar por alto las normas y reglas y reglamentos y otros elementos que a su juicio no estimaron necesario evaluar como esfuerzo para conseguir que este peticionario indigente se beneficiara del estímulo federal otorgado a todos los M.P.C. en todos los complejos correccionales antes mencionados que he sido trasladado.

En atención a su petición y a la norma en derecho aplicable al justo trámite del recurso, estamos en posición de disponer del auto solicitado.

**II**

La expedición del auto de *mandamus* es un recurso extraordinario altamente privilegiado y discrecional, cuya expedición persigue ordenar, a determinada persona natural, corporación, o tribunal de inferior jerarquía, el cumplimiento o la ejecución de algún acto propio a sus deberes y atribuciones. Artículo 649 del Código de Enjuiciamiento Civil de Puerto Rico, 32 LPRA sec. 3421; *Kilómetro O v. Pesquera López* et al., 207 DPR 200, 214 (2021); *AMPR v. Srio. Educación, E.L.A.*, 178 DPR 253, 263 (2010); *Noriega v. Hernández Colón,* 135 DPR 406, 447 (1994). El referido mecanismo resulta idóneo para exigir la realización de una obligación impuesta por ley, siempre que no exista otro remedio a tal fin. Sin embargo, la misma debe ser una de naturaleza *ministerial*, calificación que implica la inadmisibilidad de discreción alguna en su ejercicio. *Álvarez de Choudens v. Tribunal Superior*, 103 DPR 235, 242 (1975). Así, el deber de que trate tiene que ser uno mandatorio e imperativo. *AMPR v. Srio. Educación, E.L.A.*, supra, pág. 263.  De este modo, su ejecución debe ser una claramente definida, es decir, que "la ley no sólo debe autorizar, sino exigir la acción requerida." *Id.,* pág. 264, citando a R. Hernández Colón, *Derecho Procesal Civil*, 4ta ed., San Juan, Ed. LexisNexis de Puerto Rico, 2007, pág. 477.

El recurso discrecional de *mandamus* está disponible, no para reemplazar los remedios legales alternos que provean para lo solicitado, sino para suplir la falta de los mismos. *AMPR v. Srio. Educación, E.L.A.,* supra, págs. 266-267. Así pues, en la consideración de la referida tarea adjudicativa, el tribunal competente debe considerar lo siguiente: 1) el posible impacto que

pueda tener sobre los intereses públicos involucrados; 2) evitar una intromisión indebida en los procedimientos del poder ejecutivo y; 3) que el auto no se preste a confusión o perjuicios de los derechos de terceros. *Íd,* a la página 268*; Báez Galib y otros v. CEE II,* 152 DPR 382, 392 (2000).

Ahora bien, en lo aquí pertinente, destacamos que su eficacia jurídica está supeditada al cumplimiento de ciertos requisitos de forma y contenido debidamente estatuidos en el ordenamiento jurídico. Al respecto, la Regla 54 de Procedimiento Civil, 32 LPRA Ap. V, R. 54, dispone como sigue:

> El auto de *mandamus* tanto perentorio como alternativo, podrá obtenerse presentando una solicitud jurada al efecto. Cuando se solicite dicho remedio y el derecho a exigir la inmediata ejecución de un acto sea evidente y aparezca que no se podrá dar ninguna excusa para no ejecutarlo, el tribunal podrá ordenar perentoriamente la concesión del remedio; de otro modo, ordenará que se presente una contestación y tan pronto sea conveniente, celebrará una vista, recibiendo prueba, si es necesario, y dictará su decisión prontamente. Se obtendrá el cumplimiento de las órdenes dictadas por el tribunal del mismo modo en que se exige el cumplimiento de cualquier otra orden.

Por su parte, como regla general, previo a acudir al tribunal mediante el mecanismo de *mandamus*, la parte interesada debe haber interpelado al funcionario responsable de cumplir la obligación ministerial que se exige. *Bhatia Gautier v. Gobernador,* 199 DPR 59, 75 (2017); *AMPR v. Srio. Educación, E.L.A.*, supra.

### III

De inicio, es necesario destacar que en el recurso que nos ocupa no concurren los criterios que exige nuestro ordenamiento jurídico para la expedición del auto extraordinario de *mandamus*. En primer lugar, el peticionario incumplió con un requisito formal indispensable para la procedencia de dicho remedio, toda vez que la solicitud presentada no fue juramentada, en contravención a lo dispuesto en la Regla 54 de Procedimiento Civil, 32 LPRA Ap. V, R. 54. La ausencia de juramento impide a este Tribunal evaluar

adecuadamente los planteamientos formulados y priva al recurso de la formalidad exigida para la concesión del remedio extraordinario solicitado.

En segundo lugar, el peticionario no demostró la existencia de un deber ministerial claro, específico y no discrecional cuya ejecución pueda ser ordenada por este Tribunal mediante el mecanismo del *mandamus*. Del escrito presentado no surge obligación legal o reglamentaria alguna que imponga de forma inequívoca a la agencia recurrida el deber de actuar en los términos reclamados. Por el contrario, según surge de los documentos que obran en el expediente ante nuestra consideración, en una comunicación con fecha del 14 de febrero de 2025, el Gerente de Programas y Servicios Correccionales informó al señor Díaz Pizarro que el Departamento de Hacienda había impartido instrucciones específicas respecto al reclamo del pago del estímulo económico federal, y le remitió los documentos necesarios para autorizar a un familiar y/o persona de confianza a representarlo en dicho trámite. En esa misma comunicación se le indicó, además, que la única participación del Departamento de Corrección y Rehabilitación en el acuerdo colaborativo interagencial consistió en suministrar al Departamento de Hacienda los formularios debidamente firmados por los miembros de la población correccional, para el procesamiento correspondiente. Por otra parte, no surge que el peticionario haya hecho un reclamo ante el Departamento de Hacienda y que, en efecto sea acreedor del estímulo económico solicitado.

La inobservancia de las exigencias legales y reglamentarias antes aludidas, impiden el ejercicio de nuestras facultades de revisión. Como resultado, estamos privados de jurisdicción para atenderlo en sus méritos, por lo que solo podemos proveer para su desestimación.

## IV

Por los fundamentos que anteceden, se deniega el presente recurso de revisión judicial.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones